[L. A. No. 182.   Department One.—July 22, 1897.]

## LOS ANGELES FARMING & MILLING CO., RESPONDENT, *v.* C. S. THOMPSON ET AL., APPELLANTS.

MEXICAN GRANT—MISSION LANDS—JURISDICTION OF BOARD OF LAND COMMISSIONERS — DECREE OF CONFIRMATION — COLLATERAL ATTACK—AUTHORITY OF GOVERNOR.—The board of land commissioners was authorized to adjudicate upon the validity of every claim for lands in California which purported to be derived from the Spanish or Mexican government, and its decision, however erroneous, cannot be collaterally assailed; nor can a decree of confirmation of a grant from the Mexican governor be collaterally assailed by proof that the lands granted were mission lands, which the governor had no authority to grant under the laws and regulations of the Mexican government.

ID.—CONCLUSIVENESS OF PATENT.—By the patent of the United States to land claimed under a Mexican grant, the government declares that it was valid under the laws of Mexico; that it was entitled to recognition and protection by the stipulations of the treaty, and might have been located under the former government, and is now correctly located so as to embrace the premises as they are surveyed and described; and this record, so long as it remains unvacated, is conclusive against the government, and all parties claiming under it, and all persons not able to show a prior and better title in the premises; and its issuance by the government forecloses all collateral attack upon the regularity and sufficiency of any of the steps or proceedings upon which the patent depends.

ID.—TITLE OF PATENTEE—DESCRIPTION OF SURVEY—COLLATERAL ATTACK—ABSENCE OF SURVEY.—The patent establishes the title of the patentee to the lands embraced in the survey described in the patent; and it cannot be collaterally attacked by proof that no actual survey upon the ground was made of the tract described in the patent.

ID.—DEFINITENESS OF DESCRIPTION—DISCREPANCY IN SURVEYS—COURSES AND DISTANCES—MONUMENTS.—The field-notes of the survey described in the patent are not limited to the courses and distances described therein, but include also the monuments referred to, and all the objects mentioned by which the lines of the survey can be ascertained; and in case of discrepancy, the latter will control the former; nor can the mere fact of discrepancy between different surveys of the tract described in the patent, as to courses and distances merely, prove that the description given in the patent is so indefinite as to render it void; but the description is sufficiently definite if the entire body of the field-notes therein described afford sufficient data for its location.

ID. — EJECTMENT — JURY TRIAL — DIRECTION TO FIND FOR PLAINTIFF. Where the plaintiff in an action of ejectment proves title to the premises in controversy under a United States patent issued in confirmation of a Mexican grant, and defendant shows no prior or better title to the premises claimed, it is not error for the court to direct the jury to find a verdict in favor of the plaintiff.

Id.—Questions of Fact and Law — Direction of Verdict. — The correctness of a ruling directing a jury to find a verdict in favor of one party depends upon whether there is any evidence before the jury which would have authorized a different verdict, it being the function of the jury to decide all questions of fact in cases of conflicting evidence, or as between different inferences of fact; but where there is no evidence before the jury which would have authorized a different verdict, and the court would be bound to set aside its verdict if rendered otherwise, as contrary to the evidence, the matter becomes a question of law, and the court may direct a verdict in accordance with its ruling upon the question of law.

Id.—Pleading—Answer—Admission of Possession—Denial of Unlawful Withholding—Verdict—Proof of Title.—In an action of ejectment, where the defendants in their answer merely deny that they unlawfully entered upon the lands described in the complaint, or that they unlawfully withhold possession thereof from plaintiff, such answer admits the possession by the defendants of lands within the tract described in the complaint; and the plaintiff is entitled to a verdict for possession of the entire tract therein described upon proof of title thereto, under a patent and survey therein described covering the entire tract in controversy.

Appeal from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Walter Van Dyke, Judge.

The facts are stated in the opinion of the court.

*Z. Montgomery,* for Appellants.

The confirmation and patent of the claim to mission lands was absolutely void, there being no legal authority for the governor's grant, or for the confirmation or patent. (*Doolan* v. *Carr,* 125 U. S. 618; *Williamson's case,* 67 Am. Dec. 374; *Beard* v. *Federy,* 3 Wall. 478; *United States* v. *Vallejo,* 1 Black, 541; *United States* v. *Workman,* 1 Wall. 745.) Judgments rendered without jurisdiction are absolutely void. (13 Am. St. Rep. 220; 11 Am. St. Rep. 808, and cases cited.) All proceedings based on a void judgment are absolutely void. (*Great West Min. Co.* v. *Woodmas etc. Min. Co.,* 12 Colo. 46; 13 Am.· St. Rep. 204; *Levy* v. *Shurman,* 42 Am. Dec. 692.) A possessor, or trespasser, may attack a void patent. (*Doolan* v. *Carr, supra.*)

*Stephen M. White*, and *Graves, O'Melveny & Shankland*, for Respondent.

The patent is conclusive of the validity of the grant therein referred to, and also as to the survey thereof. (*Beard* v. *Federy*, 3 Wall. 478; *West* v. *Cochran*, 17 How. 403; *United States* v. *Sepulveda*, 1 Wall. 104; *Foster* v. *Mora*, 98 U. S. 425; *St. L. Smelting etc. Co.* v. *Kemp*, 104 U. S. 640; *More* v. *Steinbach*, 127 U. S. 70; *Cragin* v. *Powell*, 128 U. S. 691; *Knight* v. *United Land Assn.*, 142 U. S. 161; *Chandler* v. *Calumet etc. Co.*, 149 U. S. 79; *Barden* v. *Northern Pac. Ry. Co.*, 154 U. S. 288; *Lake Superior etc. Co.* v. *Cunningham*, 155 U. S. 354; *Stoneroad* v. *Stoneroad*, 158 U. S. 240; *Russell* v. *Maxwell Land Grant Co.*, 158 U. S. 253; *McCormick* v. *Hayes*, 159 U. S. 332; *Manning* v. *San Jacinto Tin Co.*, 7 Saw. 418; 9 Fed. Rep. 729; *Mora* v. *Nunez*, 10 Fed. Rep. 640; *Houston* v. *San Francisco*, 47 Fed. Rep. 340; *United States* v. *San Jacinto Tin Co.*, 10 Saw. 639; *Waterman* v. *Smith*, 13 Cal. 373; *Moore* v. *Wilkinson*, 13 Cal. 478; *Stark* v. *Barrett*, 15 Cal. 361; *Doll* v. *Meador*, 16 Cal. 324; *Teschemacher* v. *Thompson*, 18 Cal. 11; 79 Am. Dec. 151; *Leese* v. *Clark*, 18 Cal. 535; 20 Cal. 423; *Ward* v. *Mulford*, 32 Cal. 365; *Durfee* v. *Plaisted*, 38 Cal. 80; *Chipley* v. *Farris*, 45 Cal. 539; *Cassidy* v. *Carr*, 48 Cal. 339; *Cruz* v. *Martinez*, 53 Cal. 239; *Thompson* v. *Doaksum*, 68 Cal. 597; *People* v. *San Francisco*, 75 Cal. 388; *Adair* v. *White*, 85 Cal. 313; *Valentine* v. *Sloss*, 103 Cal. 220; *Irvine* v. *Tarbat*, 105 Cal. 243; *Dreyfus* v. *Badger*, 108 Cal. 58.) The action of the board of land commissioners, when it became final by affirmance, or dismissal of appeal, was conclusive upon all parties, including the government, and all claiming under it. (*Botiller* v. *Dominguez*, 130 U. S. 238.) In determining the boundaries of the patent, courses and distances must yield to natural objects or monuments called for. (*Adair* v. *White*, *supra;* Code Civ. Proc., sec. 2077.) Although a survey may be inaccurate, it is not necessarily void for that reason. (*Higuera* v. *United States*, 5 Wall. 827.) The ouster is admitted by the

pleadings, in not denying the fact of possession, but only the ownership of plaintiff. (*McCreery* v. *Everding*, 44 Cal. 284.)

Harrison, J.— This action was brought against a large number of defendants to recover possession of certain land in the county of Los Angeles, and to restrain the defendants from injury thereto. The land described in the complaint is the south half of the Rancho ex-Mission de San Fernando, with certain exceptions, and the complaint alleges its ownership by the plaintiff, and the unlawful entry thereon and withholding of the possession by the defendants, and that they are committing injury, both temporary and permanent, to the said land. Most of the defendants suffered default, but eight of them filed answers to the complaint, upon which the cause was tried before a jury. At the close of the trial, upon the motion of the plaintiff, the court directed the jury to find a verdict in its favor against these defendants. From the judgment entered thereon and from an order denying a new trial they have appealed.

At the trial the plaintiff introduced in evidence a patent from the United States to Eulogio de Celis for the Rancho ex-Mission de San Fernando, dated January 8, 1873, and showed that the grantor of the plaintiff, who had purchased an undivided half of the rancho in 1869, had, after the issuance of the patent, brought a suit for a partition of the rancho, and that by the decree in that suit he was awarded the tract described in the complaint.

The patent recites that in the petition of the claimant presented to the board of land commissioners he "claimed the confirmation of his title to a tract of land known by the name of Mission of San Fernando, containing fourteen square leagues, situated in the county of Los Angeles and state of California, said claim being founded on a Mexican deed of grant to the petitioner, made on the seventeenth day of June, 1846, by Pio Pico, then constitutional governor of the department of the

Californias." The defendants offered to introduce in evidence the petition of Eulogio de Celis to the board of land commissioners for the confirmation of his claim to the land, together with copies of the grant from Governor Pico to him; the decree of confirmation of the claim by the board, with its opinion upon its validity; and stated ,in connection with their offer that they " proposed to prove by said petition and by such alleged grant that the petitioner did not claim said lands, or any part thereof, by virtue of any right or title derived from the Spanish or Mexican government; that they wished to prove by said documents that said grant was void, for the reason that it was an attempted grant of mission lands reserved from and not subject to grant under the laws and regulations of the Mexican government, and that the facts stated in said petition and in said grant proved that said board had no jurisdiction over the subject matter of said case, and that the decree confirming said claim was without jurisdiction and void." Upon the objection of the plaintiff that this evidence was irrelevant, incompetent, and immaterial, it was excluded by the court. This ruling is claimed by the appellants to have been erroneous, and in support of their claim they contend that the only claims to land which the board of land commissioners had jurisdiction to pass upon were such as were " by virtue of any right or title derived from the Spanish or Mexican government," and that as the petition for confirmation showed that the claim was not by virtue of such right or title, the board had no jurisdiction over it, and that its decree of confirmation, as well as the patent issued thereon, were void, as being the acts of officers without authority over the subject matter upon which they acted; that it appears upon the face of the petition that the board of land commissioners had no jurisdiction in the matter, for the reason that at the date of the grant the governor of California had no authority to make a sale of this land. In support of the latter proposition appel-

lants cite the cases of *United States* v. *Vallejo*, 1 Black, 541, and *United States* v. *Workman*, 1 Wall. 745. These were cases, however, in which appeals were taken by the United States directly from the decree of confirmation, and were direct attacks upon the validity of the judgments appealed from, whereas the evidence offered in the present case is for the purpose of a collateral attack upon the validity of the decree of confirmation. The board of land commissioners was authorized to adjudicate upon the validity of every claim for lands in California which purported to be derived from the Spanish or Mexican government. The validity of the claim included the authority of the governor to make the grant, as well as the existence or effect of the laws of Mexico concerning the same, and the jurisdiction of the board extended to the determination of each of these questions as fully as to determining whether there had been a full compliance with the forms of law in making the grant, and its judgment thereon cannot be collaterally assailed on account of any error it may have committed in reference thereto. The same question was presented in *Beard* v. *Federy*, 3 Wall. 478, where, after the patent had been introduced in evidence by the plaintiff, the defendant produced the petition of the claimant before the board of land commissioners and insisted that it showed a want of jurisdiction in the board for the reason that it did not set forth any right or title derived from the Spanish or Mexican government; but the court said: " The board having acquired jurisdiction, the validity of the claim presented and whether it was entitled to confirmation were matters for it to determine, and its decision, however erroneous, cannot be collaterally assailed on the ground that it was rendered upon insufficient evidence"; and, in considering the effect of a patent, said: "By it the government declares that the claim asserted was valid under the laws of Mexico; that it was entitled to recognition and protection by the stipulations of the treaty, and might have been located under the former government, and is correctly

located now so as to embrace the premises as they are
surveyed and described.   As against the government,
this record, so long as it remains unvacated, is conclu-
sive, and it is equally conclusive ag..inst parties claim-
ing under the government by title subsequent."   In
*More* v. *Steinbach,* 127 U. S. 70, the plaintiffs claimed
under a patent of the United States issued to Manuel
Antonio Rodrigues de Poli, which recited the proceed-
ings taken before the land commission; the filing of a
petition for the confirmation of his title to a tract of
land known as the Mission of San Buena Ventura, his
claim being founded upon a sale made on the 8th of
June, 1846, by the then governor of the department of
California; the decree of confirmation of that claim by
the board of land commissioners, and its affirmance by
the district court and the supreme court on appeal.   It
was contended by the defendants that the sale to Poli of
the ex-Mission of San Buena Ventura was illegal and
void, and that hence no title passed to the patentee on its
confirmation, and *United States* v. *Workman, supra,* was
cited in support of this contention; but the court said:
"It does not follow that there were not exceptional cir-
cumstances with reference to the sale to Poli which au-
thorized the governor to make it.   We are bound to
suppose that such was the case, in the absence of any
evidence to the contrary, from the fact that the validity
of his claim under it was confirmed by the board of
land commissioners, by the district court of the United
States, and by this court on appeal.   The question of its
validity was thereby forever closed, except as against
those who might be able to show a prior and better title
to the premises."

The appellants also contend that the court erred in
directing the jury to find a verdict in favor of the plain-
tiff.   The correctness of this ruling depends upon
whether there was any evidence before the jury which
would have authorized a different verdict.   If, upon the
trial of an issue, there is any conflict in the evidence,
or if different inferences of fact may be drawn from

the evidence, it is the function of the jury to determine the issue; but, if upon all the evidence in the case only one conclusion or finding can be made, it is immaterial whether the jury make that conclusion or finding by direction of the court or upon their own deliberation. The verdict must be in accordance with the evidence, and cannot be given from conjecture, or at the arbitrary discretion of the jury; and, if the evidence is such that the court would be bound to set aside a verdict in favor of one party as contrary to the evidence, the matter becomes a question of law to be ruled upon by the court, and it is not required to submit the case to the arbitrament of a jury, but may direct a verdict in accordance with its ruling upon the question of law.

To authorize a verdict in its favor the plaintiff was required to establish its title to the lands described in the complaint, and to show that at the commencement of the action the defendants were unlawfully in the possession of some portion thereof. The patent from the United States established the title of the patentee to the lands embraced within the survey contained therein, and it was admitted at the trial that whatever title to the property described in the complaint passed from the United States by the patent had become vested in the plaintiff. The defendants sought to show at the trial that there had been no actual survey upon the ground of the tract described in the patent, and that for this reason the patent was invalid; but a patent is an instrument of too solemn a character to be disregarded by reason of evidence of this character. Its issuance by the government foreclosed all collateral attack upon the regularity and sufficiency of any of the steps or proceedings upon which it depended. It was a declaration by the government, as was said in *Beard* v. *Federy, supra,* that the claim asserted "is correctly located so as to embrace the premises as they are surveyed and described." The survey set forth in the patent had been made in 1858 by Henry Hancock, and in December, 1870, a resurvey of the rancho had been

made by one Reynolds for the purpose of the aforesaid suit in partition. The description in the complaint is according to the Reynolds survey, and in 1892, after the commencement of the present action, the rancho was again surveyed by one Ensign, by whose testimony it was shown that the map or plat of the Reynolds survey was a correct delineation of the land described in the patent. It was shown upon the cross-examination of this witness that there were certain variations in the courses and distances given in the Hancock survey from those given in the Reynolds survey, and that some of the monuments named in the Hancock survey could not be found. The defendants also introduced a "comparative map" on which had been platted the lines of the several surveys of Hancock, Reynolds, and Ensign, according to the courses and distances given in their field-notes, and which indicated a discrepancy in a certain part of the tract of nearly half a mile in extent. From these facts they contend that Hancock did not make a survey upon the ground according to the courses and distances given in the patent, and that the discrepancy between the several surveys shows that the description of the land given in the patent is so indefinite as to render it void. Whether a particular parcel of land is within the lines of a survey is a question of fact to be shown by evidence, but whether the lines of a survey which purport to describe a tract of land in a deed sufficiently defines the land to be conveyed is to be determined by the court when the deed is offered in evidence. The field-notes of a survey are not limited to the courses and distances set forth therein, but include also the monuments referred to, and all the objects mentioned by which the lines of the survey can be ascertained. All of these make up a description in words by which a map or picture of the tract as it appears upon the surface of the earth may be placed upon paper and presented to the eye. If there is any discrepancy between the monuments and the courses and distances, the monuments must prevail, and, if these monuments can be

ascertained, the lines connecting them will be the lines of the tract, irrespective of their variation from the lines given by the courses and distances. The rancho in question contains upward of one hundred and sixteen thousand acres, has forty-four exterior lines of boundary, many of them several miles in length and situated in a mountainous and uncultivated region. It is not to be expected that the lines of any two surveyors in tracing these boundaries according to their courses and distances merely would exactly coincide, or that the measurement and direction between the monuments would in all instances be the same. (See *Adair* v. *White*, 85 Cal. 313.) But the description is sufficiently definite if the entire body of field-notes afford sufficient data for its location. It may be added that the lands in the possession of the defendants, and which they claimed were not within the boundaries of the lands claimed by the plaintiff, are far within the lines of the patent as shown by the plat of either of these surveys. From the evidence before the jury it could not have been found otherwise than that the tract of land described in the complaint was within the boundaries of the patent.

The possession by the defendants of a portion of the lands within the tract described in the complaint was admitted by their answers. Their denial that they unlawfully entered upon the lands, or that they unlawfully withhold possession from the plaintiff, puts in issue only the character of their possession, and their affirmative allegation that they each entered upon one hundred and sixty acres of the lands claimed by the plaintiff, and that the lands so entered upon by them are within the boundaries of the land claimed by the plaintiff, but that the plaintiff has no title thereto by reason of its being outside of the boundaries of the grant which was originally confirmed to Eulogio de Celis, relieved the plaintiff from the necessity of further proof of their possession. As they did not designate the particular tracts of which they alleged that they were in possession, there was no reason for a separate verdict in reference to each

defendant, but the plaintiff was entitled to a verdict for the possession of the entire tract upon showing that it had title to all the land which it claimed in the complaint. This showing, as we have seen, was made by the introduction of the patent and the testimony with reference to the lines of the survey therein contained.

The judgment and order are affirmed.

TEMPLE, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.