JACOB GLOS

*v.*

SARAH LOUISE CESSNA.

*Opinion filed December 16, 1903—Rehearing denied February 5, 1904.*

1. REGISTRATION OF TITLES—*proper foundation must be laid in registration suit for introduction of abstract of title.* Abstracts of title or books of abstracts are not admissible in evidence in a proceeding for initial registration of title unless a proper foundation has been laid as in other cases.

2. SAME—*applicant must prove title as against the world.* An applicant for initial registration of title in fee simple must make such proof as warrants registration of such title as against the world, and not merely such title as would be sufficient to authorize a decree removing a cloud.

3. SAME—*cloud cannot be removed unless evidence justifies registration of title.* Unless the applicant for initial registration of a title in fee simple shows a title which may be registered as against the world, the court cannot remove a tax deed alleged to be a cloud but must dismiss the application. (*Glos* v. *Kingman & Co. ante,* p. 26, followed.)

APPEAL from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

JACOB GLOS, *pro se*, (JOHN R. O'CONNOR, of counsel.)

T. F. MONAHAN, and WILLIAM S. NEWBURGHER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On December 6, 1902, appellee, Sarah Louise Cessna, filed in the office of the clerk of the circuit court of Cook county her application to the court to register her title to a lot in Chicago pursuant to an act concerning land titles, in force May 1, 1897. The application stated that her estate in the lot was in fee simple, subject to a certain trust deed; that no other person claimed any interest in the lot except appellant, Jacob Glos, and Emma J. Glos, whose claim was an alleged tax deed, and that the premises were unoccupied, which latter averment the court afterward allowed to be amended so as to show that she was in possession. She prayed the court to find and declare her title or interest in the lot, to decree the same and order the registrar of titles to register the same, and to grant such other and further relief as should be according to equity  The appellant, Jacob Glos, and Emma J. Glos, appeared and answered. The answer of appellant stated that he was not informed as to the title of the applicant, and alleged that the lot was delinquent for the general taxes of 1896; that judgment was entered against it; that he purchased it at a tax sale, and, after setting out the various steps to entitle him to a tax deed, averred that such deed was delivered to him and recorded, and that he paid subsequent taxes on the lot and had title in fee simple thereto. The application was referred to the examiner of titles, who proceeded to hear the evidence and prepared his report, finding that the applicant was the owner in fee simple of the lot; that it was not

occupied but was in the possession of the applicant, and that the tax deed of appellant and a quit-claim deed from him to Emma J. Glos were void and of no effect. Appellant objected to the findings, and, his objections being overruled, they were allowed to stand as exceptions in the circuit court. The exceptions were overruled by the court, the report was approved and a decree was entered finding the applicant to be the owner in fee simple of the lot subject to said trust deed, and that the tax deed was void, and confirming title in the applicant in fee simple upon payment to the appellant and Emma J. Glos of the amount due them for taxes, costs and interest.

On the hearing before the examiner the applicant offered in evidence an abstract of title and also a book of abstracts, both of which were objected to by appellant. According to the report of the examiner, he stated, in reply to the objections, that the abstract was good for the purpose of satisfying him as to the applicant's title but not as proof of title against the objection of appellant, and that the book of abstracts was the property of the recorder of deeds, and the reference was made to him as examiner in order that he might have at his disposal the public records in the office of the recorder, and he would let the books go in subject to the objection. There was no evidence whatever to authorize the admission of abstracts or a book of abstracts in evidence. There was no evidence that the original deeds which appeared in the alleged abstract were lost or destroyed or that the abstract book was on file in the office of the recorder. The book was not identified in any way, and there was nothing to show that it was a public record, if it would have been admissible when so proved. The act for registering title may be of a progressive nature, but not to the extent of abrogating rules of evidence and permitting the introduction of abstracts without proper foundation being laid. (*Glos* v. *Hallowell*, 190 Ill. 65.) But we understand that in the end the abstract and book of abstracts

were not admitted in evidence,—at least they were not considered by the court. Appellant made a motion to strike from the files the abstracts referred to in the examiner's report, and the court denied the motion, with a finding that no abstracts of title or record of abstracts of title had been considered by the examiner or made a part of his report, and that none were presented to or considered by the court.

Leaving out the abstracts, the only evidence of title offered or received was a warranty deed dated March 1, 1897, from Julius Jeske, and Pauline, his wife, to the applicant, subject to the trust deed, together with testimony of applicant's husband tending to show possession of the lot by applicant. There was no evidence tending to show title in Jeske, and appellant insists that the decree was erroneous because it found fee simple title in the applicant without proof that she had such title. The purpose of the act is to establish the title and give certainty to it, so that the public, or any one dealing with the land, may ascertain the true state of the title by inspection of the register. By the act all persons are to be deemed defendants by the designation of "all whom it may concern," and the decree, with certain limitations, is to be forever binding and conclusive upon the whole world. It was not the design of the act that a mere *prima facie* title should be registered as an absolute title in fee simple, and to entitle an owner to registration with such a title it should be proved. The applicant for initial registration of title in fee simple asserts that he is the owner of such title as against all the world and undertakes to establish it, and not merely such a title as would be sufficient to remove a tax deed as a cloud. The court could not order registration of title in fee simple in the applicant in this case without removing the tax deed which was alleged to be a cloud upon such title, but the court could not remove the cloud and then dismiss the petition for failure to prove the title alleged.

The proof must warrant the registration of the title to enable the court to grant the incidental relief of removing a cloud. The act was not intended to substitute a new proceeding for a bill in equity to remove a cloud, and accordingly we have decided in the case of *Glos* v. *Kingman & Co.* (*ante,* p. 26,) that where the proof does not authorize the registration of title the application should be dismissed.

The decree is reversed and the cause remanded.

*Reversed and remanded.*