JACOB GLOS *et al.*

*v.*

ANDREW J. HOLBERG.

*Opinion filed February 21, 1906.*

1. REGISTRATION OF TITLES—*evidence establishing title good as against the world is essential.* To warrant a decree awarding an initial registration of title, evidence establishing a title good as against the world is essential.

2. SAME—*when an applicant must show title from government.* Proof of a deed to the applicant for initial registration, coupled with possession by him for a period of sixteen years, but without proof of payment of taxes for at least seven successive years during that period, does not show title as against the world, and the applicant must in such case show title from the government.

3. SAME—*examiner of titles can only consider proper evidence.* An examiner of titles cannot consider abstracts of title for the introduction of which in evidence no proper foundation has been laid, nor can he base his report upon an *ex parte* examination of such abstracts or the original court records or the records of the recorder's office of the county.

4. SAME—*evidence should be introduced before examiner upon notice to opposite party.* An applicant for initial registration of title should introduce his evidence before the examiner of titles, upon notice to the defendants, in such form that the latter may preserve their rights for review by objection to the evidence.

5. SAME—*essentials of examiner's report.* While the examiner of titles is not required to report to the court more than the substance of the proof submitted to him except upon the request of some party or by direction of the court, yet he should so far report

the evidence as to show its introduction before him, and, in case secondary evidence has been received, that a proper foundation for its introduction was laid.

6. SAME—*decree may register title as to a portion of premises described.* The court may decree initial registration of title as to such portion of the premises as the evidence shows the applicant has a title to in fee, even though it be less in extent than the premises described in the application.

7. SAME—*party relying on adverse title must establish it.* If an applicant for initial registration establishes his right to have his title registered, the establishment of an adverse title, such as a tax deed, rests upon the party relying thereon, and the applicant is not required, in the first instance, to show its invalidity.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

JACOB GLOS, *pro se;* JOHN R. O'CONNOR, for Emma J. Glos.

E. W. ADKINSON, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application by Andrew J. Holberg, filed in the circuit court of Cook county on the 29th of July, 1902, to register the title to certain premises situated in said county under the act concerning land titles, in force May 1, 1897. It was alleged in the application that Holberg was the owner in fee of said premises and that Jacob Glos held a tax deed thereon, and that Emma J. Glos was the grantee, by quit-claim deed from Jacob Glos, of an undivided one-third interest acquired by him through said tax deed in said premises. Jacob Glos filed a demurrer to the application, which was overruled, and he was ruled to answer within ten days, and for want of an answer defaulted. Emma J. Glos filed an answer, in which she averred she claimed an interest in said premises, as grantee of Jacob Glos, by virtue of a quit-claim · deed to a one-third part of said premises, which deed was recorded. A replication was filed by Holberg and the cause

was referred to an examiner of titles. Holberg introduced before the examiner a deed from Jacob Himmel and wife, bearing date March 23, 1869, purporting to convey to him said premises in fee simple, and testified that about sixteen years prior to the filing of the application for registration he entered upon said premises, which before that time had been vacant, and erected a brick building thereon, consisting of a store and two flats, since which time he and his tenants had resided upon and occupied the premises; and Emma J. Glos introduced in evidence the tax deed to Jacob Glos. The examiner reported to the court that the applicant had furnished him abstracts of title to said premises (brought down to a period subsequent to the filing of the application) showing the chain of title from the government to Holberg, and reported, in substance, to the court, that from the evidence introduced before him, oral and documentary, he found, first, that Andrew J. Holberg was the owner in fee simple of the premises described in the application, except a portion thereof which had been taken by the city of Chicago for a street; second, that the premises were occupied by said Andrew J. Holberg and his tenants; third, that said premises were subject to a trust deed bearing date April 16, 1897, and recorded, to Moses E. Greenebaum, and given to secure the payment of the sum of $1100 and interest; fourth, that a tax deed bearing date November 19, 1900, and recorded November 27, 1900, conveying said premises to Jacob Glos, and a quit-claim deed bearing date May 29, 1902, recorded June 2, 1902, from Jacob Glos to Emma J. Glos, conveying to Emma J. Glos the one-third interest of said Jacob Glos in the said premises, appeared of record; that there was due for taxes, etc., to Jacob Glos and Emma J. Glos the sum of $12.75, with interest at five per cent per annum from the date of said report, and that said deeds were void; fifth, that no person except as above specified had any interest in said premises other than said Andrew J. Holberg, and that he was entitled to the relief prayed for, and recommended the registration

of said title in fee simple in Holberg, subject to said trust deed. Jacob Glos and Emma J. Glos each filed objections to said report, which were renewed as exceptions thereto in the circuit court, where they were overruled, and the court entered a decree in accordance with the recommendations of the examiner of titles.

The first objection urged by plaintiffs in error is, that the evidence was not sufficient upon which to base the decree. In the case of *Glos* v. *Kingman & Co.* 207 Ill. 26, it was held, "evidence establishing title good as against the world is essential to warrant a decree awarding initial registration of a title," and to the same effect is *Glos* v. *Cessna,* 207 Ill. 69, and *Glos* v. *Mickow,* 211 id. 117. The deed from Himmel and wife to Holberg, and possession of the premises for sixteen years thereunder, without proof of the payment of taxes by Holberg for at least seven consecutive years during the time he was in possession of the premises under said deed, did not establish title to the premises in him, by limitation or otherwise, as against the world, (*Glos* v. *Kingman & Co. supra,* and *Glos* v. *Mickow, supra,*) and for the want of such proof Holberg was bound to show title to said premises in himself by a chain of title from the government. This he sought to do by submitting to the examiner of titles certain abstracts of title to said premises. These abstracts were, however, not admissible in evidence to show title in Holberg, by reason of the fact that no proper foundation for the introduction of such secondary evidence was laid by complying with the statute which provides for the admission of abstracts of title in lieu of the original deeds; (*Glos* v. *Hallowell,* 190 Ill. 65; *Glos* v. *Cessna, supra; Glos* v. *Talcott,* 213 Ill. 81;) and it was not the province of the examiner of titles to make *ex parte* examinations of abstracts of titles not introduced in evidence before him, or of the original court records, or the records of the recorder's office of Cook county, upon which to base a report as to the condition of the applicant's title. The examiner of titles occu-

pies to the court in which an application for registration of title is pending and which has been referred to him for examination, a position similar to that of a master in chancery, (*Gage* v. *Consumers' Electric Light Co.* 194 Ill. 30,) and the evidence relied upon by the applicant to establish his title should be introduced before the examiner upon notice to the defendant or defendants, and in such form that an objection can be interposed to the introduction thereof, and the rights of the defendant or defendants preserved for review in case of an adverse decision upon such question by the examiner of titles. While section 18 of the Land Registration act provides the examiner shall not be required to report to the court more than the substance of the proof submitted to him, except upon the request of some party to the proceeding or by the direction of the court, he should so far report the evidence as to show its introduction before him, and that the proper foundation for the introduction of secondary evidence, such as an abstract of title, was properly laid before the abstract of title was received in evidence, when his report as to the title rests upon such secondary evidence.

We think the applicant failed to establish his title to said premises in fee as against the world, and that he was not, for that reason, entitled to have a decree in his favor directing that the title to said premises be registered, and that the plaintiffs in error are in position, in the condition of the record in this case, to raise that question in this court. *Glos* v. *Kingman & Co. supra.*

The application described the premises in question as a lot twenty-five feet wide and two hundred and twenty feet deep. The decree established title in the applicant to a lot twenty-five feet wide and one hundred and sixty-one feet deep, and it is urged there was a fatal variance between the application and the decree. The proof showed that fifty-nine feet off of the end of applicant's lot had been taken by the city for a public street, and that by reason thereof the applicant's lot had been reduced to one hundred and sixty-one feet in depth. We

do not think the objection urged by plaintiffs in error against the decree on the ground of variance, valid, but are of the opinion that the court, on an application for the registration of the title to a tract of land, may grant relief as to such portion thereof as the evidence shows the title to be in fee in the applicant, although the portion registered may be less in amount than that described in the application.

The court, by its decree, canceled the tax deed to Jacob Glos and the quit-claim deed of Emma J. Glos without proof by the applicant that the tax sale upon which the said deeds rested was invalid. In *Glos* v. *Kingman & Co. supra, Glos* v. *Hoban,* 212 Ill. 222, and *Glos* v. *Talcott, supra,* it was held that where the applicant establishes his right to have his title registered, the establishment of an adverse title, such as a tax deed, rests upon the party defendant relying upon such adverse title, and not upon the applicant, a distinction being drawn in those cases in that regard between a bill to remove a cloud and an application to register a title under the Land Registration act.

For the reason suggested the decree of the circuit court will be reversed and the cause remanded.

*Reversed and remanded.*