ALLE A. TENINGA, Receiver, Appellee, *vs.* JACOB GLOS, Appellant.

*Opinion filed December 16, 1914.*

1. EVIDENCE—*partnership signature not presumed to have been written after partnership ceased.* Where the signature to a copy of the certificate appended to an abstract of title is proved to be in the handwriting of one member of the firm it need not be proved that the signature was attached before the partnership terminated, as it will not be presumed that a partner signed the firm name when there was no firm. (*Loehde* v. *Glos,* 265 Ill. 401, followed.)

2. REGISTRATION OF TITLE—*consent of person other than husband or wife need not be acknowledged.* Section 13 of the act

relating to registration of titles, which gives a form of consent to the decree by the husband or wife of the applicant, together with a form of acknowledgment, does not require that the consent of persons other than such husband or wife be acknowledged.

3. SAME—*an applicant must establish title good as against the world.* The act authorizing registration of title is not intended as a substitute for a bill in equity to remove a cloud from title, and before an applicant is entitled to initial registration he must establish a title good as against the world.

4. SAME—*when a receiver has such title as entitles him to apply for registration.* Where a receiver is appointed by the circuit court under a bill for the dissolution of a corporation and the closing up of its business and is expressly authorized to cause to be removed clouds upon the title to property of the corporation, which is ordered to convey to him all of its property, and the title in fee to a lot owned by the corporation is conveyed to him by a special commissioner appointed by the court to make the conveyance, the receiver has such a fee simple title as entitles him to apply for initial registration thereof.

APPEAL from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

JOHN R. O'CONNOR, for appellant.

NEWMAN, POPPENHUSEN & STERN, (CHARLES T. FARSON, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, Alle A. Teninga, receiver of the Roseland Savings, Loan and Building Company, filed in the circuit court of Cook county his application to have his title in fee simple to lot 45 in the subdivision of block 5 in First addition to Kensington registered under the act concerning land titles. The appellant, Jacob Glos, was one of the defendants, and answered, claiming an interest in the lot. The application was referred to an examiner of titles, who took the evidence and reported that the appellee was the owner in fee simple of the lot, and that the appellant, Jacob

Glos, was the holder of tax deeds which were not shown to be valid. He recommended that the title should be registered upon condition that the appellant should be re-imbursed for his expenditures. The cause was heard on exceptions to the report, which were overruled and a decree was entered, from which this appeal was taken.

The appellee, to establish his title, offered in evidence a copy of an abstract dated October 17, 1899, made by Had-dock, Vallette & Rickcords, who were at the time engaged in making abstracts of title, and two original abstracts made by the recorder of deeds of Cook county. The copy was objected to on the ground that it did not appear by any competent evidence that the certificate bore the signature of Haddock, Vallette & Rickcords or any person or persons engaged in making abstracts of title. It was proved that the certificate that the paper was a true copy was signed Haddock, Vallette & Rickcords, in the handwriting of a member of the firm. The certificate was not dated, and the objection is that there must be evidence of the time when the signature was made and it must affirmatively ap-pear that the firm name was written during the time that the firm existed. This is the same objection made to a copy of an abstract in *Loehde* v. *Glos,* 265 Ill. 401, and we there held that the proof was sufficient and it would not be pre-sumed that a partner would sign the firm name when there was no firm. The presumption, while not conclusive and subject to be overcome by evidence, made a *prima facie* case for the admission in evidence of the copy. In addi-tion to the certificate it was proved that the copy was a true copy of the original abstract by comparing it with the letter-press copy remaining in the office of the firm of ab-stracters.

Upon the application there appeared a consent to the registration of the title as prayed for, signed by Francis Tomal and Rev. T. J. Jagielski. It is objected that their consent was insufficient because it was never acknowledged.

Counsel refers to section 13 of the act governing registration of titles, where a form is given for a consent by the husband or wife of an applicant, together with a form of acknowledgment. That section has no reference to any other person than the husband or wife of an applicant, and a consent without an acknowledgment is good under the general rule that persons competent to contract may agree to the rendition of a decree in respect to any rights which they may have in the subject of litigation. (*Mooney* v. *Valentynovicz*, 262 Ill. 355.) The evidence also shows that neither of these parties had any interest in the lot. An applicant for initial registration must establish title in himself as against the whole world before he can ask to have his title registered. The act authorizing registration is not a substitute for a bill in equity to remove a cloud from title and only authorizes initial registration of a title good against everyone. (*Glos* v. *Kingman & Co.* 207 Ill. 26.) The evidence fulfilled that condition.

It is next objected that the appellee, as receiver of the Roseland Savings, Loan and Building Company, did not have such title in fee simple as was entitled to registration. He was appointed receiver of that corporation by the circuit court of Cook county under a bill for the dissolution of the corporation and closing up its business, and by the terms of the decree he was not a mere custodian. He was expressly authorized to cause to be removed clouds upon the title to the property of the corporation, which had title in fee to the lot, and the corporation was ordered to convey to him all its property. A special commissioner appointed by the court to make a conveyance conveyed the title to the lot in fee simple to the appellee by deed dated April 1, 1911, and the appellee was thereby invested with the legal title in fee simple.

The decree is affirmed.           *Decree affirmed.*