[Civ. No. 3940. First Appellate District, Division One.—September 20, 1921.]

In the Matter of the Application of LOUIS LOGAN WASSON, etc. LOUIS LOGAN WASSON, Appellant, v. HELEN L. WALDROP, Respondent.

[1] DIRECTED VERDICT—WHEN PROPER.—A directed verdict is proper only when there is no substantial evidence tending to prove, in favor of the party upon whom the burden rests, all of the controverted facts necessary to establish his case.

[2] TORRENS LAW—NATURE OF PROCEEDING.—The general purpose of an application under the Registration Act, or Torrens law, is to clear up and settle the title to land, being a proceeding in the nature of an action to quiet title.

[3] ID.—EVIDENCE—REGISTRATION OF TITLE.—An applicant for initial registration of a title as a title in fee must produce proof that

he is possessed of such title, either by the production of a regular chain of conveyance from the general government, or by proof of the creation of a title by adverse possession, and evidence establishing title good as against the world is essential to warrant a decree awarding such registration.

[4] ID.—INSUFFICIENCY OF EVIDENCE—PROPERLY DIRECTED VERDICT.— In this proceeding under the Torrens Land Act (Stats. 1897, p. 138) for initial registration of title, the applicant was not entitled under the evidence to have his title registered to a small tract to which his ownership was disputed, and a directed verdict to such effect was proper.

APPEAL from a judgment of the Superior Court of Sonoma County. Thomas C. Denny, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. W. Hollingsworth, Carl Barnard and Russell P. Tyler for Appellant.

E. M. Norton and Fred W. McConnell for Respondent.

WASTE, P. J.—This proceeding was instituted by the appellant Wasson as applicant under the provisions of the act for the certification of land titles (Stats. 1897, p. 138), commonly known as the Torrens Land Act, for initial registration of title to seventy-eight acres of land situated in Sonoma County. He predicated his claim to the land upon the fact that he had been in actual, peaceful possession of the property, adversely to all other persons, for a period of more than five years next preceding the filing of his application, and during all of the time he had paid all taxes assessed against the property. The application for registration was opposed by the respondent, Helen L. Waldrop, who denied that the applicant had been in adverse possession of eight and twelve hundredths acres of the land described in the petition, lying westerly and southwesterly of the Russian River, and alleged that she was, and for more than ten years prior to the filing of her answer had been, the owner in fee simple absolute of that portion of the property; and further, that she had during all of that time been in actual, open, exclusive, notorious, continuous, and adverse possession of the land, and had paid all taxes levied or assessed against that particular

parcel. When the evidence was in the court granted a motion, made by the objector, for an instructed verdict in accord with her contention. From the judgment entered thereon, denying his claim to the eight and twelve hundredths acres, the applicant has appealed, contending that there is ample testimony in the record to support a verdict, if one had been rendered in his favor, and that the trial court, therefore, erred in withdrawing the case from the jury, and instructing it to return a verdict for the objector.

The applicant claims to be the owner of and entitled to registration of title to seventy-eight acres of land. In 1908 Levi Sutton and others deeded to him, in the same instrument, two parcels of land, aptly described by metes and bounds, lying east and northeast of the Russian River, and containing forty-seven acres, "and also all lands of the said parties of the first part, lying southwest of and adjoining the above-described premises, commonly called the gravel bar or waste land." Appellant went into possession of the property and has continuously lived on the place ever since. He seeks in this proceeding to have registration of title to the forty-seven acres conveyed to him by metes and bounds in the Sutton deed, and in addition asks for confirmation of ownership to thirty-one acres of gravel bar, eight and twelve hundredths acres of which are cut off from the rest of the tract by the bed of the Russian River. This severed portion lies to the west and southwest of the stream and is contiguous to the lands of the respondent. The controversy here is waged over this small tract.

The appellant takes the position that he has established title to the eight and twelve hundredths acres of gravel bar west of the Russian River by adverse possession and payment of taxes for a period of five years. Such possession is of two kinds: First, where possession is taken by bow and spear without color of title; second, where possession is taken under a claim of title founded upon a written instrument. (*Kimball* v. *Lohmas,* 31 Cal. 154, 159.)

Appellant introduced in evidence a number of deeds carrying the chain of title backward from his immediate grantors to the year 1886, when B. M. Jones conveyed a

tract of land containing 363 acres, more or less, to W. B. Reynolds. There is nothing in the record by which appellant can assert title to any land not embraced in the deed from Jones to Reynolds, yet the general description and the particular description by metes and bounds contained in that instrument fix the bed of the Russian River as the south and westerly boundary line of the property conveyed. One of the calls in the description runs "thence down Russian River near center." The land conveyed by the Jones deed is referred to as, and was a part of, the Alexander tract of the Sotoyome ranch. From various exhibits it is made to appear that the southerly and westerly boundary line of that tract is the Russian River. The eight and twelve hundredths acres of land in controversy was never a part of the Alexander tract. The appellant sought to show that the Russian River is a changeable stream, and that its bed has shifted within recent years to such an extent that it has severed the eight and twelve hundredths acres of gravel bar from his larger portion. The proof was vague and unsatisfactory, and was apparently disregarded by the trial court as not worthy of consideration. At most it only tended to prove that the bed of the stream occasionally changed from bank to bank.

In tracing the title from Jones through various transfers to appellant to that portion of the property conveyed to Reynolds by Jones, now owned by the appellant, we find that the bed of the Russian River constantly appears in the various descriptions in the deeds, wherever appropriate, as the west or westerly boundary line. One of the monuments frequently referred to is "an iron pin near the bed of the Russian River." Another is "a station in the bed of the Russian River." We can reach no other conclusion than that when the Suttons deeded to appellant "all lands of the parties of the first part lying southwest of and adjoining the above-described premises, commonly called the gravel bar or waste land," such general description was intended to, and did, carry only the portion of the gravel bar to which the grantors had title, the westerly boundary line of which was the Russian River. To hold otherwise would be to give effect to a deed conveying more property than the grantors owned. It is elementary law that a

deed is color of title only as to land actually described by it. (2 Corpus Juris, 177, par. 339.) That being so, the deed from Sutton to appellant is color of title only as to land lying east of the river. Having gone beyond the limits of the land described in his deed, and claiming to hold adversely, he can only claim possession by bow and spear, without color of title. Consequently, appellant's use and possession of and residence on the land on the east side of the river, the only land conveyed by his deed, did not amount to constructive possession of that portion of the gravel bar on the other side of the stream owned by the respondent. (*Wheatley* v. *San Pedro etc. R. R. Co.,* 169 Cal. 505, 516, [147 Pac. 135].)

The respondent, Mrs. Waldrop, satisfactorily proved good title in herself to a large tract of land on the west side of the Russian River, opposite the holdings of the appellant, and including the eight and twelve hundredths acres of gravel bar in controversy. She was in actual possession of the property, had lived on a portion of it many years, and devoted the whole to the ordinary purposes for which it was adapted. Most of her land was fenced, but the part nearest the river, being gravel and sand and closely overgrown with willows, was of little use and was open. The respondent from time to time allowed parties to cut wood on this open land, and to cut the willow trees for props for supporting prune trees, and to take out sand and gravel. In other ways she exercised the ordinary acts of dominion of an owner over the property. She testified that she knew nothing of the hostile claim of the appellant, and did not know that he had ever attempted to exercise any acts of possession over the gravel bar on her side of the river. In rebuttal the appellant produced witnesses who testified that under permission from him, they had gone on the land, cut wood and prune props and removed gravel. He himself claimed to have once planted a crop on a portion of the gravel bar. But these acts were isolated, some of them occurring before the five-year period relied upon by appellant, and from their nature were more clandestine than open and notorious. They were not exclusive and did not amount to the continuous and uninterrupted possession which is necessary to constitute an

54 Cal. App.—18

adverse possession sufficient to bar the claim of one holding the record title. (*Unger* v. *Mooney,* 63 Cal. 586, 590, [49 Am. Rep. 100] ; *Thompson* v. *Pioche,* 44 Cal. 508, 517; *Mauldin* v. *Cox,* 67 Cal. 387, 392, [7 Pac. 804] ; *De Frieze* v. *Quint,* 94 Cal. 653, 663, [28 Am. St. Rep. 151, 30 Pac. 1].)

One of the requisites of title by adverse possession is the payment of all taxes for the statutory period. Appellant was assessed and paid taxes for the years 1914 to 1919, inclusive, upon seventy-eight acres of land, but, as shown by the record, it was on land located on the easterly side of the Russian River. On the other hand, Mrs. Waldrop, the respondent, conclusively established the fact that she had been assessed and paid the taxes during that period on all the adjacent lands on the westerly side of the stream. Manifestly, appellant did not pay the taxes levied and assessed on the eight and twelve hundredths acres of gravel bar involved in this controversy. One of the statutory requirements to the acquisition of a title by adverse possession was, therefore, not fulfilled. (*Mann* v. *Mann,* 152 Cal. 23, 29, [91 Pac. 994].) It was not sufficient for appellant to show that he had paid taxes on thirty-one acres of gravel bar land, supposing them to include the portion in dispute. He was bound to prove that he had actually paid the tax on the very property in controversy. (*Reynolds* v. *Willard,* 80 Cal. 605, 608, [22 Pac. 262].)

[1] A directed verdict is proper only when there is no substantial evidence tending to prove, in favor of the party upon whom the burden rests, all the controverted facts necessary to establish his case. But whenever, upon the whole evidence, the court would be compelled to set aside a finding of the jury as unsupported by the evidence, it should direct the verdict. It is not necessary that there should be an absence of conflict in the evidence, but to deprive the court of the right to exercise this power, if there be a conflict, it must be a substantial one. (*Estate of Baldwin,* 162 Cal. 471, 473, [123 Pac. 267] ; *Los Angeles F. & M. Co.* v. *Thompson,* 117 Cal. 594, 601, [49 Pac. 714].)

[2] The general purpose of an application under the Registration Act, or Torrens law, is to clear up and settle

the title to land. It is a proceeding in the nature of an action to .quiet title. (3 Tiffany on Real Property, 2d ed., sec. 581, p. 2275; *Peter* v. *City of Duluth*, 119 Minn. 96, 103, [41 L. R. A. (N. S.) 1044, 137 N. W. 390].) [3] The applicant for initial registration of a title, as a title in fee, must produce proof that he is possessed of such title, either by the production of a regular chain of conveyance from the general government or by proof of the creation of a title by adverse possession, and evidence establishing title good as against the world is essential to warrant a decree awarding such registration. (*Glos* v. *Kingman*, 207 Ill. 26, 34, [69 N. E. 632]; *Glos* v. *Holberg*, 220 Ill. 167, 170, [77 N. E. 80].) [4] The applicant was unable to make the required showing. His claim of ownership of the eight and twelve hundredths acres of disputed gravel bar was not entitled to be registered. There was no dispute as to the remainder of the land. The action of the trial court in directing the verdict was proper, and the finding of the jury correctly disposes of the rights of the applicant and the objector in the land, title to which was sought to be registered.

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.