## ROCK RUN IRON COMPANY *v.* MILLER.

1. The applicant for registration of his title to lands under the land-registration act must allege and prove good title in himself thereto.
2. Where the applicant for such purpose asserts title under a forged deed into her, the fact of its forgery being known to her, and her application for registration is based on such deed, she is guilty of such fraud as will authorize the true owner to institute his equitable action to set aside the certificate of registration.
3. Actions under said act are proceedings in rem; and judgments rendered

therein, decreeing registration of title in the names of the applicants, are conclusive upon all adverse claimants, except in cases of fraud or forgery, in which cases such claimants can under the statute, within seven years, file appropriate proceedings to set aside decrees and certificates of registration.

4. In such cases the true owner, if he moves within twelve months, has a summary remedy under section 60 of this act, or a remedy by plenary suit under section · 63 thereof; and after the expiration of twelve months he can only resort to such plenary suit; but the existence of such summary remedy does not preclude such owner from resorting to such plenary remedy, either within or after the expiration of such twelve months, if he asserts such plenary remedy under the statute within seven years.

(a) As in cases of fraud or forgery the decrees registering title are not conclusive upon adverse claimants, when the true owner files an equitable petition to set aside a registration of his lands in the name of another, it is not incumbent upon him to allege that he was ignorant of the facts upon which he attacks said registration, or that he was prevented from making it by the fraud of the applicant, unmixed with fraud or negligence on his part.

5. The grounds of special demurrer are without merit.

6. The court erred in sustaining the demurrer to the petition.

No. 3643.  JULY 21, 1923.

Equitable petition.  Before Judge Wright.  Floyd superior court.  February 16, 1923.

The Rock Run Iron Co., on Sept. 2, 1922, filed its petition against Mrs. Mattie E. Miller, and made this case: On or about Oct. 15, 1920, Mattie E. Miller filed a petition in the clerk's office of Floyd superior court, wherein she sought to have title to land lots numbers 343, 344, 375, 376, 377, 378, 379, 380, and 483, in the sixteenth district and fourth section of Floyd County, registered in her name under the land-registration act.  The exact date of the filing of this application by defendant can not be given, because the initial petition can not be found, and there is no docket entry showing such date.  At the time of the filing of said petition by defendant, petitioner was, and is now, the owner of said property.  Petitioner and its predecessors in title have owned and exercised rights of ownership, and it has been in legal possession of said property under a direct and unbroken chain of title, for more than fifteen years; its acts of actual ownership and possession consisted in going upon and occupying said property under color and claim of title, which acts continued for a period of ten years or more.  Said Mrs. Mattie E. Miller knew, when she filed said application, the exact condition of petitioner's claim, title,

ownership and possession, and knew that she had no right or title to said property. In addition to cutting timber from said property and free and open acts of control and ownership, such as entering upon said property with men and teams for the purpose of cutting, 'cording, and coaling timber through said period of ten years or more, petitioner has, during the past thirty years or more, regularly paid the taxes on said property. It has never abandoned said property, but has been waiting for the past few years to permit the timber to become of sufficient size for said coaling purposes. It has never surrendered or released its claim, title, rights, or interest therein, but has kept the purpose of returning to said property when it desired. ' Petitioner received no notice, actual or constructive, of the intention of defendant to file said registration proceedings. The officer and agent in charge of its business knew nothing thereof until several months after the decrees of title had been issued by said court registering title to all of said land in defendant. The records in the clerk's office of said court show that on Dec. 14, 1920, a decree of title was issued wherein title to land lots numbers 343, 344, 369, 375, 376, 377, 378, 379, 380, 417, 413, and 483, in said district and section, was registered in the name of defendant; and on Oct. 1, 1921, a decree was issued by the judge of said court, wherein title to land lots numbers 369, 375, 376, 377, 378, 379, 380, 417, 413, and 483, in said district and section, was registered in the name of defendant. From the records in said office it appears that the only initial petition for registration was the one filed on or about Oct. 15, 1920. An unusual condition exists of two separate and distinct decrees of title being issued with an interval of about ten months elapsing between them. It was only by accident that in May, 1922, the fact was discovered and brought to petitioner's attention that said decrees of title had been entered on said dates. C. I. Carey, an attorney in Rome, while looking through some volumes in said office in connection with preparing papers he had been employed to prepare and file for petitioner, happened to come across the decrees of title, which, to his surprise and astonishment, described and embraced the same tract of land which he was engaged in investigating at the time. This fact he communicated to petitioner. Petitioner began an investigation into the whole proceed-

ing; and now brings this petition, seeking full and complete relief for the great wrong done it.

Petitioner discovered that the deed under which defendant claimed this property purports to have been made by Joel F. Thornton, a citizen of Greene County, while in Fulton County, before a witness who was a citizen of Murray County and one other attesting witness. Said Thornton purports to have received this property on Dec. 11, 1867, by a deed which was filed on June 8, 1920, in the clerk's office of Floyd superior court, this being the same day on which the purported deed from Joel F. Thornton to Mrs. Mattie E. Miller was filed for record in said office. Petitioner charges that this purported deed from said Thornton to defendant conveying these land lots is a forgery, and is not and was not the act of said Thornton. Petitioner charges that the introduction in evidence and use of this deed in the matter of said application for registration of title on the part of defendant was an act of fraud, deceit, and imposition, both upon said court and upon petitioner. No title passed or could pass by virtue of the execution of said purported deed. The entire proceeding instituted by defendant to register said title was void and illegal. At the time of taking said purported deed from said Thornton, which petitioner attacks as a forgery, and at the time of introducing the same at the hearing of said application to register said land, defendant was charged with notice that said Thornton had not, during the entire time petitioner had owned and paid taxes on said property, returned same for taxation, paid taxes thereon, or exercised any act of ownership, or in any manner claimed any right or interest therein, but she knew petitioner owned said land. Petitioner has used all possible diligence with a view to assisting said court in arriving at the facts relative to said matter. No intervening rights of innocent third parties for value and in good faith have become fixed, and certificate of title remains as originally issued to defendant. Thornton has departed this life since the date of the execution of said purported deed. To assist the court said deed should be available for the inspection of all of the parties to this proceeding and the court. Right to examine said deed is necessary to determine as to its validity or forgery. Petitioner has reason to believe that unless said deed is taken possession of by some officer of said court, it will be disposed of so as not to be avail-

able on the trial of this case, and petitioner's rights will be lost. By reason of the strict provision of said land-registration act, petitioner has no adequate or complete remedy in a court of law. It prays that the sheriff of said county be appointed a receiver with instruction to take possession of said deed when serving copy of the petition upon defendant; that he be required to safely keep said deed subject to the orders of the judge of said court; that the certificates of title issued said defendant be surrendered and canceled; that all records and proceedings in said county affecting the title to said property, which are the result of or connected with said application to register the title to said land, be canceled and said cancellation entered of record in the said proceedings instituted by defendant; that said purported deed from Thornton to defendant be surrendered and canceled, or that said certificates of title be ordered transferred to petitioner.

The defendant demurred to the petition, on the grounds: (1) that it set forth no cause of action; (2) that it set forth no reason in law or equity why said registration of title should be set aside; (3) that there is a misjoinder of actions; (4) that a petition in equity will not lie for the purpose set forth in said petition, but plaintiff should have filed its petition to set aside the judgment entered in said cause; (5) that plaintiff has an adequate remedy at law; and (6) the remedy of plaintiff would be an action for damages provided for by the land-registration law. Defendant demurred specially to the petition, on the grounds: (1) that no abstract of title is attached thereto; and (2) that it sets forth no acts of fraud on the part of defendant, and does not set forth that defendant had any knowledge of any acts of fraud. There are various other grounds of special demurrer. The court sustained the demurrers, and the plaintiff excepted.

*C. I. Carey,* for plaintiff.

*M. B. Eubanks* and *James Maddox,* for defendant.

HINES, J. (After stating the foregoing facts.)

1. The petition sets out a cause of action. It alleges that the plaintiff was the owner of certain described land lots, and that its title and claim thereto were known to the defendant at the time she applied to have the title thereto registered in her name. It further alleges that the defendant, at the time she applied for such registration, asserted title to these lots under a forged deed, which

she knew at the time to be forged; and that her application for registration was based upon this forged instrument. Petitioner alleges that, to assert title to lands under a forged deed, and to make such an instrument the basis of an application for registration of title, when the forgery is known to the applicant, is such a fraud upon it as the true owner of such lands as renders the decree of registration void, and as entitles the petitioner, in a court of equity, to have the forged deed and the certificate of registration canceled, or at least to have the certificate of registration decreed to be transferred to petitioner as the true owner of the lands.

By section 7 of the land-registration act (Acts 1917, p. 108), the petition of the applicant for registration of title to land must show when, how, and from whom it was acquired, a description of title by which he claims the land, and an abstract of title. The applicant must allege and prove good title in himself, to warrant a decree awarding registration of title. Where the applicant for registration does not show that he has a good title to the land, his petition should be denied. Glos v. Cessna, 207 Ill. 69 (69 N. E. 634); Glos v. Holberg, 220 Ill. 167 (77 N. E. 80); Teninga v. Glos, 266 Ill. 94 (107 N. E. 125); McDonnell v. Glos, 266 Ill. 504 (107 N. E. 897); Lienau v. Insular Government, 6 Philippine, 230; Inocencio v. Gat-Pandan, 14 Philippine, 491; Oligan v. Mejia, 17 Philippine, 494; Villa Abrille v. Banuelos, 20 Philippine, 1.

A forged deed is a nullity, and vests no title in the vendee. *Cole* v. *Long,* 44 *Ga.* 579; *Gardner* v. *Granniss, 57 Ga.* 539 (9); *Sapp* v. *Cline,* 131 *Ga.* 433 (6) (62 S. E. 529). If the applicant had no title to these lands because the deed under which she asserted title was a forgery, which forgery was known to her, she was guilty of a gross and rank fraud, which authorized the true owner to institute his equitable proceeding to set aside the certificate of registration obtained by the defendant under the above circumstances, and to have said forged deed canceled and the certificate of registration set aside or transferred to the plaintiff as the true owner of the land.

2. A proceeding under the land-registration act is, by the express words of section 4 thereof, a proceeding in rem. A judgment in rem is conclusive upon everybody. Civil Code (1910), §

5967. To this general rule, section 63 of this statute makes an exception in the cases of fraud or forgery. In such cases decrees registering titles in applicants do not bind adverse claimants. Such claimants have seven years, under the statute, in which to file appropriate proceedings to set aside decrees and certificates of registration obtained under applications bottomed upon fraud or forgery.

3. But it is insisted by counsel for the defendant that the plaintiff had a summary remedy under section 60 of this act. This summary remedy, under section 59 of this act, must be applied for within twelve months from the date of registration of title in the name of the applicant therefor. One of the decrees registering title in the defendant to some of the lots in controversy was rendered more than twelve months prior to the filing of the petition in this case. The other decree registering title in the name of the defendant to most of these lots was rendered within twelve months prior to the institution of this suit. Clearly as to those lots embraced in the first decree, and not included in the second decree, this summary remedy was not available to the plaintiff. Furthermore, the plaintiff seeks other and additional relief which could not be obtained under the summary proceeding provided for under section 60 of this act; and for this reason a plenary suit in equity would lie. Besides, when a statute gives a summary remedy and a plenary remedy in cases where registration of title has been obtained by fraud or forgery, the party aggrieved can pursue either of these remedies. In such cases the existence of the summary remedy does not debar him from the plenary remedy. " It is not contemplated that this should be made a substitute for that jurisdiction which it is intended that courts shall still continue to exercise in bona fide justiciable controversies substantially affecting the rights of the parties." Powell on Land Registration, § 185. At least the party aggrieved has a choice of these remedies. The equitable remedy is fuller and more complete. Under the facts of the case at bar, the summary remedy does not afford a full, complete, and adequate remedy; and for this reason the existence of a summary remedy is no bar to a resort to the plenary equitable remedy. We do not think that the existence of this summary remedy deprives a court of equity of its general power to set aside judgments procured by

fraud where the rights of innocent third persons have not intervened. Baart v. Martin, 99 Minn. 197 (108 N. W. 945, 116 Am. St. R. 394); Powell on Land Registration, § 219.

4. But it is insisted that the petition does not set out why the facts alleged in the petition were not known to the petitioner at the time when the application for the registration of the title to these lots was made; and that for this reason it sets forth no cause of action, because the plaintiff had its day in court, and it is now too late to raise the questions made by its petition in this case. The reply is that section 63 of this act excepts from the conclusive and binding force of decrees registering titles in applicants "cases of fraud or forgery." In such cases the decrees do not conclude adverse claimants. By its express terms this statute takes the true owners of lands out of the rule laid down in the Civil Code (1910), § 4585, that "Equity will interfere to set aside a judgment of a court having jurisdiction only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part." In cases of fraud or forgery the decree registering title in the name of an applicant for such registration is not a bar to a proceeding by the true owner to set aside such registration, if he moves in seven years. The court erred in sustaining the demurrer to the petition, and in dismissing the same.

5. In view of the above rulings, the grounds of special demurrer are without merit, and should not have been sustained.

*Judgment reversed. All the Justices concur.*