Cole *et al. vs.* Long.

H. G. COLE *et al.*, plaintiffs in error, *vs.* LEVI and J. C. LONG, defendants in possession.

(BY TWO JUDGES.) When, on the trial of an action of ejectment to recover the possession of a lot of land, it became a material question whether a certain deed offered in evidence was a forgery, and the Court charged the jury, " But if you are satisfied, from the evidence, that the deed from Mrs. Meyers to Willis Jones is a forgery, then the deed is a nullity as to all parties having *notice* of such forgery :"
*Held*, that this charge of the Court was error. 12th February, 1872.

Ejectment. Notice. Before Judge KNIGHT. Gilmer Superior Court. October Term, 1871.

This was ejectment, brought in January, 1860, upon the several demises of the heirs of Mary Meyers, of Palmour, and of Henry G. Cole, against Levi and J .C. Long, tenants. The tenancy and *locus* were admitted. Plaintiff put in evidence a grant from the State to Mary Meyers, issued in 1843 ; a deed from certain persons, as her heirs, to Palmour, dated the 20th of February, 1835, and a deed from Palmour to Cole, dated the 22d of July, 1853. He showed that Mary Meyers was dead, and that Palmour's feoffors were her heirs-at-law, and closed.

The defendants relied upon a prescriptive title. They introduced deeds from Mary Meyers to W. Jones, dated the 5th of August, 1833 ; from Jones to Edward Thomas, dated the 20th of May, 1842 ; from Thomas to John T. Thweat, dated the 2d of August, 1854; from Thweat to John H. Powell and J. J. Inlow, dated the 26th of March, 1856 ; from Powell to Levi and J. C. Long, dated the 15th of August, 1857 ; from Newberry to Robt. Halloway, dated the 8th of June, 1853 ; from Halloway to said Inlow and Powell, dated the 9th of June, 1863 ; and from Inlow to Levi and J. C. Long, dated the 15th of August, 1857.

Defendants then showed that some twenty-five or thirty years ago one Champion occupied said land and improved it. Newberry followed him, and Halloway followed *him*, and

Powers and Inlow *him* in the possession, and that the Longs had been in possession some ten or twelve years; but the witnesses said that they did not know that the tenants before the Longs claimed any title to the land. The Longs testified that they bought in good faith and took possession immediately upon their purchase, and had ever since held it as theirs.

In rebuttal, plaintiff showed that he first sued defendants for the land on the 11th of April, 1854, and dismissed his suit in June, 1854; sued again on the first of November, 1857, and dismissed in December, 1859. It was then shown that Champion claimed no title; sold his improvements to Newberry, who claimed no title, and that Halloway took possession from Newberry, who sold his rights to him.

Cole testified that Powell, Holloway and Newberry, each applied to him to purchase the land. He testified, also, that the deed from Mary Meyers to Jones was a forgery, and evidence was introduced to show that the person purporting to be a Justice of the Peace, witnessing said deed, was not a Justice of the Peace. (This deed was regularly attacked as a forged paper.)

The Court charged the jury: 1st. If the Longs, or those under whom they claimed, were in possession of the land, under paper title, when Cole bought, Cole's deed was void, if his deed was made prior to the adoption of our Code. 2d. A party in possession of land, disclaiming title, can take nothing by prescription. 3d. If the deed from Meyers to Jones is a forgery, it is a nullity as to all parties having notice of such forgery. 4th. Possession, as the basis of prescriptive title, must be in the right of the possessor, and must not originate in fraud. If Champion settled the lot without claim of right, his possession did originate in fraud. This possession must be public, continuous, exclusive, uninterrupted and peaceable, and must be accompanied by a claim of right. 5th. If a suit was pending for the land, while any of said parties alleged to have been in possession were in pos-

session, their possession was not peaceable while such suits were pending.

The jury found for the defendants. Plaintiff moved for a new trial, upon the grounds, that the verdict was contrary to the evidence and the law, especially to the 2d, 4th and 5th clauses of said charge, and because the 1st, 3d and 5th clauses of the charge were not law. The Court refused a new trial and error is assigned on said grounds.

H. P. BELL, for plaintiff in error. As to prescription: R. Code, secs. 2738, 2642; 30 Ga. R., 619. As to sale during adverse possession: R. Code, sec. 2654. As to the forged deed: R. Code, sec. 3739; 5 Ga. R., 6; 16th, 521; 30th, 619.

WEIR BOYD, for defendant. The deed to Jones was thirty years old, and proved itself: R. Code, sec. 2658. Sale during adverse possession: 29 Ga. R., 121, 320; 33d, 231; 37th, 5.

WARNER, Chief Justice.

This was an action of ejectment to recover the possession of a lot of land in Gilmer county. Both parties claimed to derive their title to the land from Mary Meyers, the drawer, the one by deed from Mary Meyers, and the other by a deed from the heirs-at-law of Mary Meyers. The deed of Mary Meyers, under which the defendants claimed title, was attacked, on the ground that it was a forgery, and evidence was introduced before the jury as to that fact. The defendant also relied on a prescriptive title of seven years' possession, under claim of right, under color of title. The jury found a verdict in favor of the defendants, but whether they found on the prescriptive title of possession, or whether they found that the defendants' title from Mary Meyers was not a forgery, under the charge of the Court, the record is silent. A motion was made for a new trial, on several grounds, and espe-

cially on the ground that the Court erred in charging the jury in relation to the forged deed, which was overruled by the Court, and the plaintiff excepted. The Court charged the jury, "But if you are satisfied, from the evidence, that the deed from Mrs. Meyers to Willis Jones is a forgery, then the deed is a nullity, as to all parties having *notice* of such forgery." This charge of the Court to the jury was error. If the deed was a forgery, then it did not pass the title to the land out of Mary Meyers, and *notice* of the forgery was not necessary to make it a nullity. In view of the facts contained in the record of this case, and the error in the charge of the Court as to the forged deed, we think a new trial should have been granted.

Let the judgment of the Court below be reversed.