PLEASANT M. COMPTON, plaintiff in error, *vs.* JAMES M. CASSADA, defendant in error.

1. Where a case has been before this court and a new trial ordered, it was error for the court to charge the jury, on a second trial, that if they believed the evidence to be different then from what it was when passed upon by the supreme court, they should find for the complainant. Such instructions necessitated a verdict for the complainant should the testimony differ in any respect from what it was on the former trial, no matter how immaterial the discrepancy.

2. A purchaser in good faith from one who has no title, in ignorance of the rights of the true owner, obtains no title. He is not such an innocent purchaser as would be protected from the title of the owner.

3. The verdict being contrary to the law and the evidence a new trial should have been ordered.

Charge of Court. New trial. Vendor and purchaser. Title. Before Judge KNIGHT. Fannin Superior Court. October Term, 1874.

This case is sufficiently reported in the decision.

C. J. WELLBORN; H. P. BELL; M. L. SMITH; JOHN S. FAIN, for plaintiff in error.

THOMAS F. GREER; JOHN A. JERVIS, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendant to enjoin an action of ejectment, with a prayer that the defendant be decreed to execute a deed to lot of land number one hundred and twenty-three, in the eighth district of Fannin county.  On the trial of the cause, the jury, under the charge of the court, found a verdict in favor of the complainant.  A motion was made for a new trial on the several grounds set·forth therein, which was overruled by the court, and the defendant excepted.

1. It appears from the evidence in the record that the lot of land in dispute was granted by the state to the defendant, Compton, and that the legal title thereto is still in him.  The complainant claims title to the lot under a quit claim deed from one John Jones.  The complainant also proved the contents of two letters said to have been written by the defendant to Jones, authorizing him to sell the lot of land, which letters were proved to have been lost.  There is no pretense that the defendant, Compton, has ever received anything for the lot of land, and he expressly denies in his answer to the complainant's bill, that he ever wrote to Jones any such letters as stated therein, but on the contrary that Jones had written him proposing to purchase the land, and that he replied that he would convey the land on the payment to him of the sum of $160 00, that he had written no other letter, or to any other purport. This case has been before this court on a former occasion when the facts were substantially the same then as now: See 32 *Georgia Reports*, 428.  The evidence of James M. Cassada does not change the material point in the case as to the title of the defendant to the land.  If he saw the letters from the defendant to Jones, as he says he did, that was sufficient to put him upon notice that Jones, from whom he purchased the land, had no title to it, and conveyed none to him ; that the title was in Compton, the defendant.  The court charged the jury, "that if you believe the evidence is different now than it was when passed upon by the supreme court, then you will

find for the complainant, Cassada." This charge of the court was error. If the evidence was different in any particular, whether material or immaterial, it was a direction by the court to the jury, to find a verdict for the complainant, Cassada.

2. The court also charged the jury "that if you believe that Cassada bought the land in good faith from Jones, without notice of Compton's title, then Cassada would be an innocent purchaser without notice, and you will find for Cassada." This charge of the court, in view of the evidence in the record, was error. The complainant, Cassada, purchased only such title to the land as Jones had, and if Jones had no title to it, then he got none, whether he had notice of Compton's title or not, he was not a *bona fide* purchaser as against Compton, who had the legal title to the land. But if he saw Compton's letters to Jones, as he says he did, that was notice to him that the title to the land was not in Jones, from whom he purchased, but in Compton, the defendant.

3. In view of the evidence contained in this record, and the ruling of this court in this case when it was here before, the verdict of the jury was not only contrary to the evidence, but was contrary to law, and the court erred in overruling the motion for a new trial.

Let the judgment of the court below be reversed.