Esterlund *et al. vs.* Dye.

---

JOHN F. ESTERLUND *et al.,* plaintiffs in error, *vs.* JAMES M. DYE, defendant in error.

1, The discretion of the chancellor in granting injunctions and appointing receivers, will not be controlled unless abused.
2. A chancellor has no authority, before the final hearing, to direct a receiver to sell a portion of the property in his hands and to pay to complainant an amount of money claimed to have been advanced by him to the defendants.

Injunction. Receiver. Before Judge GIBSON. Richmond County. At Chambers. December 24th, 1865.

Esterlund *et al. vs.* Dye.

Report unnecessary.

H. CLAY FOSTER, for plaintiffs in error.

JOSEPH GANAHL; WILLIAM R. McLAWS, for defendant..

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants praying for the rescission of a contract set forth therein, and also praying for an injunction, and the appointment of a receiver. A temporary order was granted until the hearing, and Sibley was appointed receiver to take charge of the property, and to hold the same until the further order of the court. On hearing the motion for the injunction, the chancellor, after considering the allegations made in the complainant's bill, and the answers of the defendants thereto, as well as the several affidavits filed in the case by the respective parties, granted the following order: "It is therefore ordered, in view of the insolvency of respondents, that they give good bond with sureties to be approved by the clerk of this court, for a reasonable rent for said lands, and the use of said property pending this litigation, and that the receiver do sell a sufficient portion of said crop now on hand, to pay to James M. Dye, the complainant, the sum of $427 00, the amount claimed to have been advanced by him, unless defendants shall give bond therefor; and in the event of said failure to give said bond, that respondents be restrained from the use of the same, and that said receiver do proceed to occupy, hold and use the same, for the mutual benefit and advantage of complainant and respondents, with the privilege of either party, to move for his removal or change before me at any time." To the granting of which order, the defendants excepted.

There is nothing in this case to take it out of the general rulings of this court, that it will not interfere to control the discretion of the chancellor in granting the injunction on the statement of facts contained in the record, except that part of

Ansley & Company *vs.* Glendenning.

the order which directs the receiver to sell a sufficient portion of said crop now on hand, to pay James M. Dye, the complainant, $427 00, the amount claimed to have been advanced by him. We are not aware of any law which would have authorized the chancellor to order the receiver to sell any portion of the property in controversy for the benefit of the complainant, until the final hearing of the case on its merits. We therefore direct that the order of the chancellor be modified to that extent only, upon the complainant giving bond and security for the protection of the defendants.

Let the judgment of court below be affirmed with directions as hereinbefore indicated.