CHARLES H. BRUSH, Respondent, *v.* WILLIAM JAY et al., Appellants.

In an action to dissolve a law firm, determine its assets and procure a sale of them and a settlement of the partnership affairs, the complaint alleged that certain abstracts of title to real estate in New York and New Jersey were part of the assets. The answer denied the ownership by the firm of said abstracts. An order was made, under objection by defendants, appointing a receiver *pendente lite* and directing him to take possession, among other things, of the abstracts of title in possession of said firm, and, within fifteen days after his qualification, to expose to sale, and sell, the same, although no special or immediate necessity for their sale was shown by the papers. *Held,* error, as by this order the court determined a material issue upon affidavits in anticipation of the trial and the determination of the issues joined, that the abstracts ought to remain in possession of the receiver, free of access to all parties, until the trial and ultimate determination of the rights of the respective parties.

*Brush* v. *Jay* (50 Hun, 446) reversed in part.

(Argued April 16, 1889; decided May 3, 1889.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made December 11, 1888, which affirmed an order of the Special Term appointing a receiver *pendente lite*, etc.

The facts are sufficiently stated in the opinion.

*Flamen B. Candler* for appellants. The order, in so far as it directs a sale of the abstracts in advance of a trial, and before the ownership of the same is determined, affects a substantial right and is reviewable in this court. (Code of Civ. Pro. § 190.) The abstracts of title are no part of the partnership assets, but are severally the property of the respec-

tive clients, therefore no receiver can be appointed to take possession of them, and much less to sell them. (*Roberts* v. *Wyatt*, 2 Taunton, 268; *Langslow* v. *Cox*, 1 Chitty, 98; *Holm* v. *Wust*, 11 Abb. Pr. [N. S.] 113.) A receiver should not be appointed to take the abstracts into his possession, or to sell them, as it is not claimed that they are in any way in danger of loss or destruction. (*Goulding* v. *Bain*, 4 Sandf. 716; *O'Mahoney* v. *Belmont*, 62 N.° Y. 133, 134; *Higgins* v. *Bailey*, 7 Robt. 613.) It is improper, on a motion for the appointment of a receiver in partnership cases, for the court to undertake to determine what is partnership property. (*Higgins* v. *Bailey*, 7 Robt. 613.)

*Jesse Johnson* for respondent. This court will not review the discretion exercised by the Supreme Court. If the papers before the court present a case which, in any view of the facts, would justify the appointment of a receiver, the order will stand. (*Connelly* v. *Kretz*, 78 N. Y. 620; *Turner* v. *Crichton*, 53 id. 641; *People* v. *A. M. L. Ins. Co.*, 74 id. 177; *Woereshoffer* v. *N. R. C. Co.*, 99 id. 400; *Fellows* v. *Hermans*, 13 Abb. Pr. [N. S.] 1.) Where it appears that there was a copartnership, that the partnership has been dissolved, that there are copartnership assets, and that the parties do not agree as to the disposition of them, the appointment of a receiver is a matter of course. (*McElvey* v. *Lewis*, 76 N. Y. 374; *Law* v. *Ford*, 2 Paige, 310; 1 Collyer on Partnership, § 375; *Jackson* v. *De Forest*, 14 How. 81; *Llorens* v. *Costa*, 5 Week. Dig. 484; *Martin* v. *Van Schaick*, 4 Paige, 479.) Liquidation and sale of assets is a natural result of a dissolution. (*King* v. *Leighton*, 100 N. Y. 386, 392; *Dandage* v. *Cole*, 54 Super. Ct. 360; *Innes* v. *Lansing*, 7 Paige, 586; *McElvey* v. *Lewis*, 76 N. Y. 371; *Jackson* v. *DeForest*, 14 How. Pr. 81.) The sale of assets is a natural and proper way of winding up the affairs of a partnership. (*Jackson* v. *De Forest*, 14 How. Pr. 81; *McElvey* v. *Lewis*, 76 N. Y. 374; 1 Collyer on Partnership, § 383.) The lease of the offices, with the privilege of the renewal of the same, is an asset, and the plaintiff is

entitled to his share of the value thereof. (*Mitchell* v. *Read*, 84 N. Y. 556.) The covenant in the lease against assigning the same does not prevent its being sold, it having become vested in the receiver, by operation of law. (*Roosevelt* v. *Hopkins*, 33 N. Y. 81; McAdam on Landlord and Tenant [2d ed.] 172.)

RUGER, Ch. J. This is an appeal from an order appointing a receiver *pendente lite* of the assets of a law firm, and directing him to take possession, among other things, of all abstracts of title in possession of said firm, and, within fifteen days after his qualification, to expose to sale and sell the same. The action in which said receiver was appointed was brought for the purpose of effecting a dissolution of a partnership; a determination of the assets of the firm, and to procure a sale of the same, and a settlement of partnership affairs. The complaint alleged that the assets of the firm consisted, among other things, of upwards of seventeen hundred abstracts of title to property situated in the states of New York and New Jersey.

The answer denies the ownership by said firm of such abstracts of title, and the title to such abstracts is, therefore, one of the issues to be tried in the action.

In making the order in question we think the court exceeded its authority. It was manifestly improper to determine a material issue upon affidavits in anticipation of the trial, and the determination of the issues joined, according to the mode prescribed by law. We know of no practice which authorizes a court in this manner to defeat the object of the litigation and place the subject of the action beyond the power of the court ultimately to award it to those showing title thereto. That question is yet to be tried and the court has no power to disable itself in advance from rendering such a judgment in the action as will do justice to the parties. If, upon trial, the title to these abstracts should be shown to be in the defendants or in third parties, their premature sale would show a manifest usurpation of authority in ordering it. The authority of the court over such assets of the firm, as are either admitted by the pleadings

or are judicially determined to be in the firm, is undoubted; but the power to order a sale of all property in the possession of a firm, which, in the usual course of business is frequently the custodian of the property of others, upon the mere fact of such possession, is not, we think, sustainable upon reason or authority, and its exercise is likely to produce manifest and irreparable wrong and injustice.

We do not think the Special Term had authority to take up on motion one of the material issues of the case, and, under objection by one of the parties, make an order, which was practically a final judgment, in respect to the property involved in such issue. No special or immediate necessity for the sale of these abstracts is shown by the papers, and we think it would be for the interest of all parties, as well as a matter of right, that they should remain in the possession of the receiver, free of access to all parties, until the trial and the ultimate determination of the rights of the respective parties therein.

The orders of the General and Special Terms, so far as they direct a sale of the abstracts in the possession of the partnership firm, should be reversed, without costs to either party on this appeal.

All concur.

Ordered accordingly.