## CAMP, deputy sheriff, *v.* WILLIAMS BROTHERS.

SIMMONS, C. J.    1.    Where a distress warrant for rent, issued by a proper officer and regular upon its face, was levied by a constable upon personal property, after which levy a mortgage on the same property was foreclosed and the execution placed in the hands of the sheriff, the latter had no right or authority to levy the mortgage execution upon the property which by reason of the constable's levy was already in the custody of the law.   *Fulghum* v. *Williams Co.*, 114 *Ga.* 643.

2. Where in such case the sheriff did make an entry of levy on the execution, such entry was void, and the sheriff could not be held liable to the mortgagee for allowing the property to be taken away by the purchaser at the sale under the levy of the distress warrant.

(*a*) If for any reason the distress warrant was invalid, it was not the duty of the sheriff to resist it, but was the right of the mortgagee to do so.

(*b*) If the distress warrant was issued against an individual and the whole property levied upon as his, when as matter of fact it was the property of a partnership of which the defendant was a member, the mortgage execution being against the partnership, it was not the duty of the sheriff to resist the distress warrant on that ground.   Such resistance should be made by the other members of the firm or by the mortgagee.

(*c*) That the levy of the distress warrant was excessive was not a matter into which it was the duty of the sheriff to inquire.

3. If the written entry of levy of the constable did not describe and specify all of the articles levied upon, the sheriff, in the trial of a rule against him for not having sold the property under the mortgage execution, had a right to have the constable amend his levy so as to show what particular articles he had actually levied upon and sold.   *McLeod* v. *Brooks Lumber Co.*, 98 *Ga.* 253.           *Judgment reversed. All the Justices concur.*

Argued November 18, — Decided December 10, 1903.

Money rule. Before Judge Reece. City court of Floyd county. April 8, 1903.

*Denny & Harris,* for plaintiff in error.
*Rowell, Copeland & Rowell,* contra.