## HALL *v.* STULB.

The compensation of the receiver, and the party or parties to be charged with the payment of the same, are matters to be determined exclusively by the court from which the receiver receives his appointment; and an agreement between the receiver and a party who is also the purchaser at a sale by the receiver, under which that party is rendered liable for the payment of the compensation of the receiver, is contrary to public policy and void, unless the agreement is entered into with the authority of the court, or is thereafter approved by it.

Submitted June 8,—Decided August 17, 1906.

Complaint. Before Judge Eve. City court of Richmond county. December 4, 1905.

A. W. Stulb brought suit against H. L. Hall, and alleged the following facts: On July 16, 1902, petitioner was appointed receiver of the firm of Hall & Wylly, and took possession of the property of said firm, and, after conducting the business for some time, finally sold the assets for $11,000, the same being bought in for the benefit of Hall. Hall had promised to pay petitioner his fee as receiver, and, relying on this promise, petitioner presented no claim to the court for fees, "nor did he object to the confirmation of the sale." The amount to be paid was not fixed, but it was agreed that he should be paid the reasonable value of the services rendered as receiver, which is alleged to be $500. Hall is further indebted to petitioner in the sum of $25, by reason of an agreement made by said Hall in writing to assume a debt due petitioner by A. E. Wylly. The defendant demurred generally and specially to the petition, and to the overruling of his demurrer excepted.

*Salem Dutcher* and *B. B. McCowen,* for plaintiff in error.

COBB, P. J. (After stating the foregoing facts.) A receiver is an officer of the court from which he receives his appointment. He is sometimes described as an impartial and indifferent person between the parties to a cause, appointed by the court to receive and preserve the property or fund in litigation pendente lite, when it does not seem reasonable to the court that either party should hold it. He is in no sense an agent or representative of any party to the action. He exercises his function in the interest of no individual interested in the litigation, but for the common benefit of all concerned. High on Receivers (3d ed.), § 1; Alderson on Receivers, § 2. His compensation is determined by the court from which he receives his appointment. The court in fixing the compensation takes into consideration the fidelity exercised by him in the discharge of his duties. A receiver is frequently spoken of as the "hand of the court." High on Receivers, § 2. He has been called "the executive end of a court of equity." Beach on Receivers, § 2. His possession is the possession of the court. An interference with the property in his possession is a contempt. Under some circumstances at least, his person is protected as much as the property in his possession. The receiver may apply to the court for instructions whenever he is in doubt as to the proper course to be pursued in the discharge of his duties. He may look with confidence to the court for protection against any one interfering with

him in the administration of the property in his hands. He should at all times strive to maintain, in the discharge of every duty, impartiality between the parties interested in the litigation. He should never sacrifice or jeopardize the interests of one party in order that another may be benefited. He should not place himself in a position where he would be tempted to serve one rather than the other. If the receiver were allowed to make an agreement as to his compensation with one of the parties to the case, this would place him in a position where he would be more than apt to guard the interest of him from whom his compensation was to come rather than other parties whose interests might be involved. More than this, it would have the effect to weaken his sense of responsibility to the court from which he received his appointment, and the right to contract with a litigant for his fee would weaken the control which the court should at all times have over the receiver, which can be exercised more efficaciously than in any other way by the amount allowed him for his compensation.

Strictly speaking, a receiver is not a public officer, but his position is such that rules which would be applicable to a public officer can with propriety be applied to him. An agreement by a public officer to accept less than the fees or salary allowed him by law is contrary to public policy and void, and the same is true of a promise to give a public officer more than the amount which the law fixes as compensation for his services. The rule is well settled that where fees or salaries are established for the services of public officers, the policy of the law prohibits special contracts between them and the public. 9 Cyc. 496; 15 Am. & Eng. Enc. Law, 964; Greenhood on Public Policy, 337; Clark on Contracts, 282, et seq. In National Exchange Bank v. Woodside (St. Louis Court of Appeals), 80 S. W. 715, the receiver of a bank consented that his receivership should remain open for the benefit of a purchaser of certain of the bank's assets and the purchaser might use the receiver's name in suits brought to collect such assets, the purchaser agreeing to pay the receiver for the use of his name. It was held that this agreement was contrary to public policy and void; that the receiver's compensation was within the exclusive jurisdiction of the court by which he was appointed and payable from the estate. Some of the text-writers have laid down the proposition that a direct liability may be imposed upon parties to the action, or

some of them, for the remuneration of the receiver, and that this may result out of an agreement between the parties. Alderson on Receivers, § 866; Beach on Receivers, § 841. In each of the works above cited the authority for the proposition is the case of Kelsey v. Sergeant, which is reported in 2 N. Y. St. Rep. 669, and 40 Hun, 150, 663. The volume first referred to is not accessible to us, but we have examined the case as reported in the last volume. On the first page cited there appears a case of the name indicated, but a careful examination of this case fails to disclose anything remotely bearing on this subject. On the second page cited appears a case of the name indicated, along with other cases, and the only matter reported is in the following language, "Order granting additional allowance affirmed without costs." It may be that the matter referred to was adjudicated in the case last cited. We find no case which sustains the proposition that a receiver may bargain with a litigant as to the compensation to be paid for his services. It has been held that a receiver may waive his right to compensation. 2 Current Law, 1479. But if a receiver intends to insist upon compensation for his services, he must look to the court, and the court alone, to determine the amount to be paid, and by whom the payment shall be made. It follows that a contract made by a receiver with a party who is also the purchaser at a sale by the receiver, under which the latter is to be liable for his compensation as receiver in the cause, at a stated amount or an amount to be thereafter determined, is contrary to public policy and void, when it appears that the agreement was not authorized or approved by the court appointing the receiver. The judge erred in overruling the demurrer to those portions of the petition which sought a recovery from the defendant based upon a contract between him and the plaintiff to pay the latter for services rendered as receiver.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*