### COKER *v.* NORMAN, receiver, *et al.*

HINES, J.  1.  In the absence of some emergency which creates an immediate necessity for sale of property in the hands of a receiver, to which the title is in dispute, the court is without authority, upon mere motion before trial, to order the sale of such property, when such sale depends upon the determination of an issue of fact, such as the title to the property, raised by the pleadings, which is properly the subject of the final judgment, and thus put it out of the power of the court to award the property to the party who may be ultimately entitled to it. *Esterlund* v. *Dye,* 56 *Ga.* 284; Brush *v.* Jay, 113 N. Y. 482 (21 N. E. 184); 34 Cyc. 309, H, 2, a.

2.  A sale, under execution for municipal taxes and a sewer assessment, of real property in the custody of a receiver, is void, unless authorized by the court, and conveys no title to a purchaser at such sale.  The possession of the receiver is the possession of the court, and this possession can not be disturbed by a levy and sale without the leave of the court. *Field* v. *Jones,* 11 *Ga.* 413; *Fountain* v. *Mills,* 111 *Ga.* 122

(36 S. E. 428); *Fulghum* v. *Williams Co.*, 114 *Ga.* 643 (40 S. E. 695, 1 L. R. A. (N. S.) 1055, 88 Am. St. R. 48); *Camp* v. *Williams*, 119 *Ga.* 152 (46 S. E. 66); *Cowart* v. *Caldwell Co.*, 134 *Ga.* 544 (68 S. E. 500, 30 L. R. A. (N. S.) 720); Walling v. Miller, 108 N. Y. 173 (15 N. E. 65, 2 Am. St. R. 400); Ellis v. Vernon Ice Co., 86 Tex. 109 (23 S. W. 858); Edwards v. Norton, 55 Tex. 405; Dugger v. Collins, 69 Ala. 324; Pelletier v. Greenville Lumber Co., 123 N. C. 596 (31 S. E. 855, 68 Am. St. R. 837); Wiswall v. Sampson, 14 How. (U. S.) 52 (14 L. ed. 322); Brady v. Johnson, 75 Md. 445 (26 Atl. 49, 20 L. R. A. 737); Cass v. Sutherland, 98 Wis. 551 (74 N. W. 337); 34 Cyc. 234 (B). Some courts have drawn a distinction between real and personal property in this respect; but we think such distinction is not based upon sound reasoning.

3. It appearing from her intervention that the title asserted by the intervenor to the real property in the hands of the receiver was acquired under the circumstances recited in the last headnote, her title was null and void; and the trial judge did not err in granting an order for its sale by the receiver, over her objection that this should not be done until her claim of title was determined by final decree.

4. Where the assets of an insolvent person, which consisted of real estate, had been placed in the hands of a receiver, at the instance of a materialman, who furnished material for its improvement, and where other lienholders intervened or were made parties to such proceeding, and where one of such intervenors set up a claim for a balance due her on the purchase-money of such property, which she alleged to be superior to the liens asserted by the plaintiff and the other parties to the proceeding, and in which proceeding she procured the court to authorize and direct the receiver to borrow money, to be evidenced by his certificates or to be secured by deed to the property, such money to be used in completing unfinished buildings on the property which had been started by the insolvent defendant,' which was done by the receiver, and where city taxes and a sewer assessment had accrued against the property pending the receivership proceeding, and where the main object of the receivership proceeding was the conversion of the assets into money and its distribution among those entitled thereto, including such intervenor, and where it was necessary to sell the property in order to pay the accrued taxes and the money borrowed by the receiver to complete the unfinished buildings on said property, the court had authority to order the sale of the property for such purposes; and this although conflicting claims of liens and their priority had not been adjudicated, the court in the order of sale providing that the rights of all parties claiming liens should be preserved and transferred from the property itself to the proceeds of the sale, with the same rank and dignity which such liens bore to the property itself. *Dysart* v. *Brown*, 100 *Ga.* 1 (26 S. E. 767).

5. Applying the above principles, the court did not err in granting an order for the sale of the real property in the hands of the receiver, upon "the ground that the court was without power or authority to determine whether it was necessary for said property to be sold until

the question of the title to said property," asserted by the intervenor, "is adjudicated by a jury."

*Judgment affirmed. All the Justices concur.*

No. 5169. MAY 13, 1926.

Equitable petition; intervention. Before Judge Hutcheson. DeKalb superior court. October 13, 1925.

*McElreath & Scott,* for plaintiff in error.

*Alston, Alston, Foster & Moise, Fuller & Bell,* and *W. T. Moyers,* contra.