## CHESTNUT *v.* WEEKES, administrator.

No. 11321. November 14, 1936.

*Tye, Thomson & Tye,* for plaintiff in error.

*Paul L. Lindsay* and *Paul L. Lindsay Jr.,* contra.

Atkinson, Justice. Sarah M. Gay filed petition against W. A. Baird, Mrs. A. A. Baird and D. O. Chestnut, seeking cancellation of a deed from petitioner to Mrs. A. A. Baird and a deed from Mrs. Baird to D. O. Chestnut, and injunctive relief. The jury returned a verdict in favor of the plaintiff. On exception, a judgment overruling Chestnut's motion for new trial was reversed, because the evidence failed to show that Chestnut had notice of fraudulent acts of the other defendants. *Chestnut* v. *Weekes,* 180 *Ga.* 701 (180 S. E. 716). A full statement of facts was set forth in the opinion. After return of the remittitur to the trial court, the plaintiff amended the petition by striking certain paragraphs. The petition as amended did not allege that Chestnut had notice, but substituted substantially the following: On January 21, 1932, W. A. Baird came to the home of Mrs. Gay, administered a strong narcotic, giving her an unusually heavy hyperdermic injection, and went away. Shortly afterward Mrs. Gay became delirious. In two or three hours Baird returned to the room where Mrs. Gay was confined to her bed, at which time she was completely insane and void of all mental capacity. Baird placed a warranty deed conveying the property to his wife (A. A. Baird) before Mrs. Gay (original petitioner now deceased) and held her hand and traced her name to the deed. The services rendered by Baird were absolutely worthless. The deed just mentioned is void on account of the fact that Mrs. Gay was insane and had no mental capacity at the time it was executed. It is a cloud on the title of said property. No money was ever paid to Mrs. Gay as a consideration for said property, and she has received from no one any consideration. If she signed the deed, she signed it while insane and totally without any reasoning faculties, and to allow the deed to stand would

be unlawful. Petitioner has no adequate remedy at law. Petitioner prays that the deed from Mrs. Gay to Mrs. A. A. Baird, be declared void and canceled as a cloud on the title, and that the deed from Mrs. Baird to Chestnut be declared void.

The Bairds did not file any defense. After allowance of the amendment, Chestnut made a motion in the nature of a general demurrer to dismiss the action, on the ground that the petition as amended set forth no cause of action against this defendant, and set out no facts which would entitle the plaintiff to the relief sought; and because there was no allegation charging this defendant with any knowledge or notice of the alleged circumstances in which Mrs. Gay executed the deed to Mrs. Baird. Chestnut also made a motion to strike a previous amendment which had been filed by the plaintiff, and which had been allowed on April 28, 1933, because at the time of said allowance the amendment had been objected to on the ground that no notice of the facts therein charged was alleged against this defendant. The objection was overruled and the amendment allowed, and the case was taken to the Supreme Court, and error was assigned on the allowance of such amendment, but the allowance of it was affirmed by the Supreme Court. The amendment of November 25, 1935, had stricken from the original suit the paragraph which contained a charge of notice against Chestnut, thus leaving no such allegation of notice as to Chestnut as was contained in the case at the time the previous amendment of April 28, 1933, was allowed. The court overruled each of these two motions, and exceptions pendente lite were filed.

On the second trial evidence was offered for the plaintiff, to the following effect: Mrs. Gay was about 82 years old. She had a broken hip, and was confined to her bed for some time. A practical nurse was present in the sickroom, waiting on Mrs. Gay on January 21, 1932, when Dr. Baird came in. Before the doctor arrived Mrs. Gay was not conscious of anything for some time. Baird administered medicine to her with a hyperdermic needle. It was not the same kind of medicine he had been administering. He gave her this injection about 10 o'clock in the morning. He went away and returned about 12:30 or 1 o'clock. Mrs. Gay was in a helpless condition, and talked of seeing a woman in white, when no woman in white was there. The medicine seemed to

paralyze her mind absolutely. She seemed to be in a kind of crazy stupor, a helpless condition. When Dr. Baird came in he had a deed for her to sign. He held her helpless hand with the pen in it to sign the deed. At that time Mrs. Gay did not show any evidence of a revival of mentality. Baird was restless and left immediately, taking the deed.

Chestnut testified that when he purchased the property from Mrs. Baird he did not know of the mental condition of Mrs. Gay. He paid $2400 for the property. It was being advertised to be sold for a loan. He paid off the loan and stopped the advertising. The property was sold by Dr. Baird for A. A. Baird.

After hearing evidence on the second trial, the case was submitted to the jury under instructions from the court to answer the question yes or no as to whether Mrs. Gay was insane on January 21, 1932, when the deed in question was executed. No other issue· was submitted. The jury answered yes; and decree was entered by the court, cancelling and setting aside the deed. Chestnut filed exceptions pendente lite, based on the contention that the decree was unauthorized in so far as he was concerned, because it failed to require the plaintiff to restore the status as it existed at the time the deed was executed by Mrs. Gay; and because, even if Mrs. Gay was insane at the time the deed was executed, as against Chestnut she should be required to reinstate encumbrances to W. A. Baird dated November 25, 1931, and December 16, 1931, which were in existence at the time the deed was executed; and upon the ground that said encumbrances should have been decreed to be a charge on the land in the hands of the plaintiff for the benefit of Chestnut with whose money they were paid off. Error was assigned also on the ground that the decree should not have been unconditional, but should have required the plaintiff to do equity as to Chestnut. Chestnut excepted to an order overruling his motion for a new trial, and assigned error also on the rulings excepted to pendente lite.

■ After the decision reported in 180 *Ga.* 701 (supra), the petition was so amended as to allege, that on January 21, 1932, W. A. Baird came to the home of Mrs. Gay, administered a strong narcotic, giving her an unusually heavy hyperdermic injection, and went away; that shortly afterwards Mrs. Gay became delirious, and in two or three hours Baird returned to the room where Mrs. Gay was confined to her bed, at which time she was completely

insane and void of all mental capacity; and Baird placed a deed conveying the property to his wife (A. A. Baird) before Mrs. Gay and held her hand and traced her name to the deed; and that after execution of the deed in this way Mrs. Baird conveyed the property to Chestnut. The amendment also struck so much of the original petition as alleged that Chestnut purchased with notice. On the trial Chestnut moved, in the nature of a general demurrer, to dismiss the petition as amended. The signing of the name of Mrs. Gay to the paper in the alleged circumstances would not be her act, but in substance would be a forgery of her name by Baird. Being of such character, the paper in so far as it purported to convey the title would be void and insufficient to convey the legal title to the purported grantee. *Cole* v. *Long,* 44 *Ga.* 579; *Gardner* v. *Granniss,* 57 *Ga.* 539 (9) ; *Sapp* v. *Cline,* 131 *Ga.* 433 (6) (62 S. E. 529); *Rock Run Iron Co.* v. *Miller,* 156 *Ga.* 136-141 (118 S. E. 670).

■ "A purchaser in good faith from one who has no title, in ignorance of the rights of the true owner, obtains no title. He is not such an innocent purchaser as would be protected from the title of the owner." *Compton* v. *Cassada,* 54 *Ga.* 74 (2). See also *Cole* v. *Long,* and *Sapp* v. *Cline,* supra; 27 R. C. L. §§ 435, 437; 18 C. J. 243, § 176. The principle stated in the Code, § 37-114, "If one with notice shall sell to one without notice, the latter shall be protected; or if one without notice shall sell to one with notice, the latter shall be protected, as otherwise a bona fide purchaser might be deprived of selling his property for full value," is not applicable under the facts of the case as between the alleged grantor or her legal representative and the defendant asserting title as a bona fide purchaser without notice, the deed being alleged to be void for the reasons set forth above.

■ Applying the principles stated in the preceding divisions, the court did not err in overruling the motion to dismiss the petition as amended. Nor did the court err in overruling the defendant's motion to strike the previous amendment which had been filed by the plaintiff and allowed on April 28, 1933, which alleged: "Petitioner shows that there has been no legal delivery of the purported deed heretofore referred to in paragraph 12, but that said deed, if signed by Mrs. Sarah M. Gay, was signed while she was under the influence of some strong drug, and while she

was too weak to sit up, and that she did not deliver said deed to any one, nor did she direct its delivery to any one; that her mind was insufficient on account of the drug administered previously by the said W. A. Baird, which prevented her from knowing what she was doing, she being at the time unconscious and irrational and incapable of knowing the conditions of said deed or realizing the act of signing same, and that if she signed said deed she signed it through threats made by said W. A. Baird, said threats being 'that he would go on and let her die, and that he would not give her anything more to ease her pain unless she would sign said deed;' and that she, being in said condition and having no mind, did whatever she did at the instigation of said Baird, and that said W. A. Baird's mind and will was substituted for her will and act; and that the act of signing any and all papers referred to in this petition was signed by the said Mrs. Sarah M. Gay while under the domination and influence of drug, and at a time when she did not know what she was doing, and when the will and mind of the said W. A. Baird was substituted for her will and act, and said deed was signed under duress in that she was acting under fears and threats of said Baird that he would refrain from giving her any more drug and let her die." The amendment was good in so far as it alleged that the deed was not delivered. Some part of the amendment being good, the whole was not subject to dismissal on general motion.

■ After hearing evidence on the second trial, the case was submitted to the jury under instructions from the court to answer the question yes or no as to whether Mrs. Gay was insane on January 21, 1932, when the deed in question was executed. The jury answered yes, and a judgment and decree was entered by the court cancelling and setting aside the warranty deed. The court did not err, as against Chestnut, in refusing to charge the jury: "If you should find Mrs. Gay was insane at the time of making the warranty deed then you will consider the question of whether it is equitable to require plaintiff to pay to defendant the amount of $550 referred to in the security deed from Mrs. Gay to W. A. Baird which has been admitted in evidence."

■ Another ground of the motion for a new trial is: "Movant says that the court, in submitting the case to the jury, restricted the consideration of the jury to the question as to whether or not

Mrs. Gay was sane or insane at the time she made the warranty deed of January 21, 1932. Movant says that the court should have also submitted to the jury a third alternative, namely: whether or not Mrs. Gay was, at the time of executing said deed, in an intoxicated condition as the result of one dose of a powerful drug rather than being insane. The court nowhere in the charge allowed the jury to pass upon the question as to whether or not Mrs. Gay's condition at the time said deed was executed was one from intoxication from a drug rather than insanity. Movant shows that the evidence of Dr. J. E. Flowers, who was the only physician testifying in the case, contained this statement: 'She seemed to me to be intoxicated with something I did not know what.'" The failure to submit to the jury the issue of intoxication rather than insanity, was not erroneous.

■ The evidence was sufficient to support the verdict, and the judge did not err in overruling Chestnut's motion for new trial.

■ The court did not err in entering the decree, as contended, on the ground that the decree was unauthorized in so far as defendant Chestnut was concerned, because it failed to require the plaintiff to restore the status as it existed at the time the deed was executed, or for any other reason.

*Judgment affirmed. All the Justices concur, except Bell and Hutcheson, JJ., disqualified.*