McKoy *et al.* v. Bush *et al.*

Jenkins, Presiding Justice. 1. Where, in a suit for divorce and alimony by a wife against her husband, the plaintiff seeks to have assigned to her the equity in a particular piece of realty, and prays that a receiver be appointed to take charge of the same, and where it appears that a

receiver was in fact appointed to take charge, and he reported back to the court that he had done so, the entering of a decree in favor of the plaintiff, granting a total divorce and setting up title in her to the equity in the property sought for alimony, does not so end the litigation as to preclude the plaintiff from thereafter amending her petition so as to compel the lienholder and his transferee to accept a tender of the amount due under the lien on the property, which was still held by the receiver, and so as to seek the cancellation of a cloud on the plaintiff's title by virtue of a purported sale by the defendant to the lienholder, and by him to another; it further appearing that such attempted transfer of title to the lienholder under the Code, § 30-112, was made while the property was then, and has continued to be, *in custodia legis* and after the equity therein had been actually decreed in the plaintiff.

2. As seems to be recognized by all parties to this litigation, property held in custodia legis, by virtue of a duly appointed receiver, cannot be sold so as to interfere with the possession of the receiver. We find nothing in the record which would preclude the court from properly assuming that its order directing the receiver to take charge of the property had been complied with, as was claimed by the receiver himself in his own pleadings in this case; the presumption being that the receiver did his duty in taking charge as directed, and as he reported to the court he had done. No mere inference of illegal interference with his functions in the performance of his official duties will be indulged. Accordingly, the mere facts that the defendant in the divorce suit, on leaving the State, may have left the key to the house with the lienholder, and that the attorney of the lienholder may have (as he styles it) "loaned" this key to the receiver for him to make inspection, cannot be taken to constitute such evidence as would compel the court to find that the receiver had been derelict in his official duty. Especially is this true where the receiver testified that he in fact took charge of the house on the day of his appointment, and tacked a receiver's notice on the door. The property thus being in custodia legis, the transfer of title by the defendant to the lienholder was ineffective, where it further appears that at the time of the sale by the defendant to the lienholder, the title to the equity in the property had already been decreed out of the defendant, and into the plaintiff, and a notice of lis pendens, in which it was shown that a recovery was being sought for this particular property, had previously been filed with the clerk.     *Judgment affirmed. All the Justices concur.*

No. 15477.  JUNE 4, 1946.

*Drennan & Brannon, John D. Humphries* and *Frank A. Dough-man,* for plaintiffs in error.

*O. C. Hancock, C. R. Wheeless,* and *C. E. Moore,* contra.