19332. Erikson *v.* Hewlett *et al.*

Hawkins, Justice. On September 27, 1955, Mrs. D. C. Manly filed her answer to an equitable petition in Case No. 51250 in Fulton Superior Court, in which she was named as a defendant, and in paragraphs 8 and 9 of the answer she alleged that she was the owner of two described parcels of land, and that parcel No. 2 was subject to a first loan in favor of Southern Federal Savings and Loan Association and to a second loan in favor of J. R. Erikson, and in which she prayed that they be made parties to the proceedings, and for the appointment of a receiver for her properties, upon which answer a rule nisi was issued calling upon Erikson to show cause on October 1, 1955, why the prayers of the answer and motion to make parties should not be granted. On that date counsel for Erikson appeared in response to the rule and presented various objections to the answer. No further order was entered, but the hearing

was, by oral announcement, continued until October 3, 1955, and on that date counsel for Erikson in that proceeding again appeared, at which time George Starr Peck presented a petition by Hewlett, Dennis, Bowden & Barton, and by Peck, as petitioners, against Mrs. D. C. Manly, J. R. Erikson, and others, being Case No. 51726 in Fulton Superior Court, said petition praying, among other things, that Erikson be restrained and enjoined from proceeding with the sale of the property therein described as being located at 8346 Roberts Drive on October 4, 1955, under the power of sale contained in the security deed from Mrs. Manly to Erikson, and for the appointment of a receiver for the properties of Mrs. Manly, on which petition an order bearing date of October 1, 1955, was entered, setting a hearing thereon for October 3, 1955, in which order it was provided that "In the meantime and until the hearing each of the defendants are restrained as prayed." On October 3, 1955, counsel for Erikson was present, representing him in the case first above referred to, but it is insisted by this counsel that he did not then represent Erikson in Case No. 51726, Peck et al. v. Manly, Erikson, et al. On October 3, 1955, and in the presence and hearing of counsel for Erikson, the court announced and entered a further order in that case as follows: "It is further ordered that W. Pat Roberts be appointed temporary receiver of all properties of the defendant Mrs. D. C. Manly," and the petition and order was filed in the office of the clerk on that date, but neither Erikson nor his counsel acknowledged service on that petition, and it was not served on Erikson until October 13, 1955. On October 3, 1955, the trial judge announced orally that further hearing would be held on October 14, 1955, without specifying on which of the petitions the hearing was to be held, and orally announced that in the meantime Erikson was enjoined from selling the property. On October 4, 1955, no other restraining order having been entered, and notwithstanding the appointment of the receiver for the property of Mrs. Manly, counsel for Erikson proceeded to sell the property described in the second loan deed of Mrs. Manly to Erikson, he being the purchaser at the sale, and a deed was accordingly executed to him. On October 14, 1955, the plaintiffs in Case No. 51726 filed an additional petition praying that rule nisi issue, requiring Erikson to show cause why he should not be adjudged in contempt of court for having proceeded with the sale on October 4, 1955, on which the judge entered an order directing Erikson to show cause on October 29, 1955, the hearing on the petition filed October 3, 1955, by these plaintiffs being continued to the same date. Erikson filed timely demurrers and answers to both these petitions. The hearing scheduled for October 29, 1955, was continued from time to time, and on February 8, 1956, the plaintiffs in Case No. 51726 filed a petition praying that the order entered on October 3, 1955, appointing a temporary receiver, be amended nunc pro tunc to conform to oral announcement made by the judge at the hearing on October 3, 1955, by adding thereto the following: "and it is further ordered that the defendant, J. R. Erikson, be enjoined from proceeding with the foreclosure under the power of sale of the loan deed held by said J. R. Erikson on the property of the defendant, Mrs. D. C. Manly, located at 8246 Roberts Drive until further order of this court and that this interlocutory hearing

be continued until 10 a. m., October 14, 1955." The hearing on this petition was held on February 13, 1956, and an order was entered amending the previous order nunc pro tunc as prayed. On the same date a hearing was held on the petition seeking to have Erikson adjudged in contempt for proceeding with the sale on October 4, 1955, and at the conclusion of the hearing an order was entered adjudging Erikson in contempt, but providing that he might purge himself by executing and delivering a quitclaim deed conveying the property described as 8246 Roberts Drive for the purpose of nullifying the foreclosure deed recorded in Deed Book 3066, page 625, Fulton County records, but without affecting the security deed executed by Mrs. Manly to Erikson, and upon his failure to do so within thirty days, that he be remanded to the custody of the sheriff.

To the order of the court entering nunc pro tunc the order announced on October 3, 1955, and to the order and judgment adjudging Erikson in contempt he excepts. *Held:*

1. A person who has, by the order of a court of competent jurisdiction, been appointed receiver of designated property becomes an executive officer of the court which appointed him, and the property received by him is in custodia legis. *Tindall* v. *Nisbet,* 113 *Ga.* 1114 (39 S. E. 450, 55 L. R. A. 225). It is the duty of the court to protect from interference the property in its possession through its receiver, an officer of the court (*Marshall* v. *Lockett,* 76 *Ga.* 289, 290), and property held in custodia legis by virtue of a duly appointed receiver cannot be sold so as to interfere with the possession of the receiver (*McKoy* v. *Bush,* 200 *Ga.* 759, 760 (2), 38 S. E. 2d 669), and such an attempted sale without leave of the court is void. *Coker* v. *Norman,* 162 *Ga.* 238 (133 S. E. 243). One who by such a sale undertakes to interfere with the possession of the court may be punished for contempt. *Wikle* v. *Silva,* 70 *Ga.* 717. See also *Vestel* v. *Tasker,* 123 *Ga.* 213 (51 S. E. 300); *Hall* v. *Stulb,* 126 *Ga.* 521, 522 (55 S. E. 172).

(*a*) Since the evidence in this case shows that the first loan on the property at 8246 Roberts Drive amounted to $13,250, and the second loan held by Erikson amounted to $4,032.92, making a total of both loans of $17,282.92, and the property was valued at $25,000, the contention of the plaintiff in error that, at the time of the appointment of a receiver for the properties of Mrs. Manly, she had no interest in the property, and that the receiver therefore took no interest in this property, is without merit. See *Owens* v. *Keeney,* 146 *Ga.* 257, 259 (91 S. E. 65).

2. Irrespective of the question of whether the court had authority at a subsequent term to amend its order of October 3, 1955, nunc pro tunc so as to include therein a temporary restraining order previously orally announced, it was not an abuse of discretion for the trial judge to adjudge the plaintiff in error in contempt for interference with property in the hands of its receiver by an attempted sale thereof without leave of the court. *Warner* v. *Martin,* 124 *Ga.* 387 (2) (52 S. E. 446); *Carroll* v. *Celanese Corporation of America,* 205 *Ga.* 493 (4) (54 S. E. 2d 221).

*Judgment affirmed. All the Justices concur.*

Submitted May 16, 1956—Decided June 13, 1956.

*Robert E. Coll, Powell, Goldstein, Frazer & Murphy,* for plaintiff in error.

*Joseph B. Kilbride,* contra.