43910. ADLER v. ORMOND, Administrator.

SUBMITTED SEPTEMBER 4, 1968—DECIDED JANUARY 7, 1969—
REHEARING DENIED JANUARY 21, 1969—

*Burt & Burt, Donald D. Rentz, H. P. Burt,* for appellant.

*Farkas, Landau & Davis, Lee & Hitchcock, Malone, Drake & Malone, Thomas Wm. Malone, John L. Tracy, P. Walter Jones,* for appellee.

FELTON, Chief Judge. 1. The order appointing the receiver is not subject to callateral attack. *Murray v. Miller,* 157 Ga. 11, 13 (121 SE 113).

2. The assignment to attorney Jones during the effectiveness of the restraining order against Adler was void, since Jones knew of the restraining order and his assignment to appellee was likewise void. *Chestnut v. Weekes,* 183 Ga. 367, 371 (188 SE 714) ; *Compton v. Cassada,* 54 Ga. 74. The instruments in issue are not negotiable. "The right of an heir or a legatee to an interest in an estate is a chose in action, and is assignable." *Sanders v. Hepp,* 190 Ga. 18, 20 (8 SE2d 87), and cit. It is obvious that a chose in action is an asset of Ben Adler which he was restrained from transferring. If Ben Adler could transfer valuable choses of action which it was a receiver's duty to enforce, no receivership could be effective to collect and preserve assets for the benefit of creditors if the debtor so desired. In the case of receivership, priorities cannot be changed or created by the act of the person in receivership. He is no longer free to dispose of property not in his possession or in his possession and not subject to levy and avoid the lien of a general judgment, as illustrated in *Fidelity &c. Co. v. Exchange Bank,* 100 Ga. 619 (28 SE 393). Ben Adler was not free to assign his interest in his brother's estate at the time he sought to do so. The appellant's assignment was made after the receivership proceeding by amendment had been dismissed as to Ben Adler. Thereafter there was no prohibition against his assigning his interest in his brother's estate. The fact that the court did not allow the amendment striking Ben Adler and his son from the receivership proceeding until after Ben Adler had assigned his interest in his brother's estate to appellant is immaterial, since the amendment striking the Adlers as defendants was tantamount to a dismissal of the case as to them, which plaintiffs could do without approval by the court in such circumstances as we have in this case. As to the questions raised by the receivership, see *Code* § 55-301 (Ga. L. 1855-6, p. 219) ; *Code* § 55-302; *Coker v. Norman,* 162 Ga. 238 (133 SE 243) ; *Erikson v. Hewlett,* 212 Ga. 423 (93 SE2d 563) ; *McKoy v. Bush,* 200 Ga. 759, 760 (38 SE2d 669) ; *Nix v. Ellis,* 118 Ga. 345 (45 SE 404, 98 ASR 111) ; *Jones v. Wilson,* 195 Ga. 310 (24 SE2d 34) ; 75 CJS 755, Receivers, § 114; 45 AmJur 115, 119, 132, 137, 146, 153, Receivers, §§ 135, 141, 158, 167, 176, 189.

The court erred in awarding the assets in the registry of the court to appellee.

*Judgment reversed. Eberhardt and Whitman, JJ., concur.*